## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RICOH COMPANY, LTD., and RICOH
AMERICAS CORPORATION,

        Plaintiffs,

        v.

OKI DATA CORPORATION, and OKI
DATA AMERICAS, INC.

        Defendants.

Case. No.  1:09-cv-00694

## OKI DATA CORPORATION AND OKI DATA AMERICAS, INC.'S MOTION TO STAY

Defendants Oki Data Corporation and Oki Data Americas, Inc. (collectively "Oki")

respectfully move the Court for a stay of this case pending the final determination of the United

States International Trade Commission ("ITC")'s investigation in *In the Matter of Certain*

*Printing and Imaging Devices and Components Thereof*, Inv. No. 337-TA-690 (naming Oki as a

respondent on Oct. 20, 2009), 74 Fed. Reg. 55,065 (*see* Exhibit A), pursuant to 28 U.S.C. § 1659

and the Court's inherent authority to control its own docket.

28 U.S.C § 1659(a) mandates the Court stay a district court action that "involves the

*same issues* involved in the proceeding before the Commission." (emphasis added).  Ricoh has

attempted to sidestep § 1659 by filing two separate suits in this Court involving patents directed

to the same areas of technology and which accuse the same products of infringing both sets of

patents.  The Court should not validate Ricoh's tactical effort to end run the statute—and the

corresponding intent of Congress to shield defendants from unnecessary parallel litigation.

Moreover, even if the Court concludes that § 1659(a) is not applicable, the principles of judicial

economy and fairness strongly militate in favor of a discretionary stay. The Defendants' answers

to the complaint in this case are not due until at least mid-February.[1] The ITC trial is scheduled

for May 2010, a mere three months later. As a consequence, there is little chance of harm to the

plaintiffs if the Court grants the requested stay.

Both plaintiffs and defendants are companies involved in the research, development, and

sales of printers, in particular multifunction printers ("MFPs"). By way of background, on

September 18, 2009, Ricoh Company Ltd. and Ricoh Americas Corporation ("Ricoh") filed three

closely related complaints. The first, filed in this Court (No. 09-cv-00694), alleged infringement

of three printer-technology related patents: U.S. Patent Nos. 7,508,533 ("the '533 Patent),

5,764,864 ("the '864 Patent"), and 6,163,669 ("the '669 Patent"). The second complaint, also

filed in this Court (No. 09-cv-00695), alleged infringement of five additional printer-technology

related patents, U.S. Patent Nos. 5,764,866 ("the '866 Patent"), 6,388,771 ("the '771 Patent"),

6,209,048 ("the '048 Patent"), 6,212,343 ("the '343 Patent"), and 5,863,690 ("the '690 Patent).

The third complaint was filed in the ITC and asserts the same five patents asserted in the '695

case. Ricoh's tactical decision to file two separate civil actions in the Delaware court—

involving the same parties, the same printer-related technology, and accusing the same (or at

least substantially) overlapping products—highlights that Ricoh is attempting to avoid the

statutory requirements of 28 U.S.C. § 1659 as to the '694 case.

A motion to stay the concurrent five-patent case ('695) was granted by this Court on

November 19. A stay is equally warranted in this case under § 1659 because this litigation

---

[1]     Ricoh has agreed to Oki's Answers in both cases being due ninety days from the date Oki's counsel accepts service, given Oki's waiver of service, including waiver of international service.

"involves the <u>same issues</u> involved in the proceeding before the Commission." 28 U.S.C. § 1659

(emphasis added).  Moreover, discovery in the two cases will largely be overlapping, with the

same documents being produced and a significant number of the same witnesses, most of whom

reside in Japan, being required to testify in both suits

A stay is also appropriate here for at least the following reasons:

- The three patents in this case are directed to the same printer-related technologies as the five patents in the ITC Investigation and the now-stayed Delaware action (No. 09-cv-00695).

- Any delay in this action will be minimal because the trial date for the ITC investigation is schedule for at most three months after an answer is due in this case.

- Many, *if not all*, of the accused products in the ITC investigation, are likely to be accused by Ricoh in this action.

- The ITC Investigation involves the same Plaintiffs and Defendants named in the present lawsuit.

- Given the overlapping technology area and accused products in this action and the ITC, the present case may be resolved between the parties prior to disposition, or based upon the outcome, of the ITC action.

Accordingly, as set forth in more detail below, Oki requests a stay in the present action

pending resolution of the ITC proceeding in *In the Matter of Certain Printing and Imaging*

*Devices and Components Thereof*, Inv. No. 337-TA-690.

## I.     THE PLAIN TEXT AND LEGISLATIVE HISTORY OF § 1659 REQUIRE THAT THE PRESENT CASE BE STAYED

28 U.S.C. § 1659 "places limits on the timing of parallel actions involving the

Commission and a district court." *Fuji Photo Film Co. v. Benun*, 463 F.3d 1252, 1256 (Fed. Cir.

2006).  Specifically, § 1659 establishes an automatic stay for "proceedings in the civil action

with respect to any claim that *involves the same issues* involved in the proceedings before the Commission." 28 U.S.C. § 1659(a) (emphasis added). Under § 1659, "the stay of district court proceedings continue[s] until the Commission proceedings are no longer subject to judicial review." *In re Princo*, 478 F.3d at 1355. Although the "ITC's prior decision cannot have claim preclusive effect in the district court," *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1564 (Fed. Cir. 1996), the "record of the proceeding before the [ITC] shall be transmitted to the district court and shall be admissible in the civil action," 28 U.S.C. § 1659(b), and can be "helpful to the district court" in expediting proceedings and providing useful information. *Princo*, 478 F.3d at 1355.

The text of section 1659 requires that the mandatory stay apply based on <u>overlapping "issues," not "claims" identity</u>. The statute requires that:

> the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves <u>the same issues</u> involved in the proceeding before the Commission.

28 U.S.C. § 1659(a) (emphasis added). The textual distinction between "claims" and "issues" is critical. The stay applies to any claim made in the district court that "involves the same issues" as before the ITC, not simply the same claims. Importantly, the statute does not limit the mandatory stay only to claims that are identical to those claims before the ITC.

The accepted meanings of these terms demonstrate that the term "issue" must have a broader meaning than "claim." An "issue" is "[a] point in dispute between two or more parties." Black's Law Dictionary 907 (9th ed. 2009). An issue is not limited to the specific cause of action. A "claim," however, is the "[t]he aggregate of operative facts giving rise to a right enforceable by a court." *Id.* at 281.

Recognizing the distinction between "claims" and "issues," Congress deliberately chose the broader term. Had Congress wanted § 1659 to apply only to the same patents, Congress could have easily drafted a statute requiring a stay of district court proceedings that "involves the same [patents] involved in the proceeding before the Commission." Moreover, Congress could have limited the statute to district court proceedings involving the same "claim" or "cause of action." But again it did not. The statute explicitly requires that any claim in the district that "involves the same issues" as those issues before the ITC must be stayed by the district court.

This is consistent with Congress's mandate against "infringement proceedings [] brought against imported goods in two forums at the same time." H.R. Rep. No. 103-826(I), at 141 (1994), *as reprinted in* 1994 U.S.C.C.A.N. 3773. Indeed, the key issue before Congress when it enacted § 1659 was avoiding wasteful, simultaneous litigation in two tribunals over a single product. Thus, the statute's language and legislative history are consistent and plain, and there is no reason to believe that "Congress meant something other than what it said statutorily." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426 (Fed. Cir. 1988).

Here, the claims in both proceedings involve the "same issues" as the ongoing ITC investigation (Inv. No. 337-TA-690). The proceedings before both this Court and the ITC involve allegations of infringement of various Ricoh printer-related patents by the same Oki products, including its printers and MFP products (*e.g.*, Oki's C3530n MFP product). In this case, Ricoh alleges that the '533 Patent and '864 Patent are infringed by various Oki multifunction printers including, but not limited to the Oki C3530n and that the '669 Patent is infringed by Oki multifunction printers including, but not limited to the Oki 3400n. (*See* Compl. ¶¶ 4-7.) Likewise, in the ITC proceeding, Ricoh alleges that the '866 Patent, '771 Patent, '048

Patent, '343 Patent, and '690 Patent are all infringed by Oki's multifunction printers including,

but not limited, to those accused in both district court cases pending before this Court. In an

effort to avoid that statute's mandatory stay provision, Ricoh has asserted different patents in this

action than are at issue before the ITC, but expressly accuses the same imported goods in both

proceedings. Without a stay of this proceeding, Oki would be required to simultaneously litigate

infringement proceedings brought against the Oki printers and MFP products in two separate

forums. This is precisely the scenario that Congress sought to prevent in enacting § 1659.

     Furthermore, because the same products—including Oki's C3530n MFP product—are

alleged to be infringing products in both proceedings, there are plainly common issues of fact

and law in both proceedings such that the mandatory stay should apply. Despite the fact that the

asserted patents in this case are different than those before the ITC, the technology covered by <u>all

the patents in both proceedings relate to the field of printers, including printer systems and/or

their components and involve the same accused products.</u> Therefore, in this case and before the

ITC, the fact finder will have to examine the same multifunction Oki printers and MFP products,

including the Oki C3530n MFP. As a result, the same prior art and same Oki documents will

clearly be relevant to both actions. Also, both this case and the ITC proceeding will involve

many of the same fact and expert witnesses to determine issues of validity of the patents-in-suit

and whether an Oki MFP, including the Oki C3530n, infringes any of Ricoh's asserted patents.

Given that both Ricoh and Oki are Japanese companies, whose headquarters are located in Japan,

allowing both this action and the ITC action to proceed, while the sister district court action is

stayed, will require multiple appearances of the same foreign witnesses either here and/or in

Japan.

Ricoh's tactics in seeking to bifurcate what should under any objective basis be a single case involving essentially the same or substantially related technologies and accusing the same printers and multifunction printer products of infringement should not be countenanced.  This is particularly true since this case and the ITC proceeding clearly "involve the same issues." Therefore a stay under § 1659 should be granted.

## II.   THE PRESENT ACTION SHOULD BE STAYED UNDER THE COURT'S INHERENT AUTHORITY TO PROMOTE JUDICIAL ECONOMY

Even if the Court does not grant a stay under § 1659, a stay is warranted under the Court's inherent discretionary authority.  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

First, a stay in the present action would not cause significant delay.  Pursuant to an agreement between the parties, Oki's Answer is not due until ninety (90) days after Oki's counsel accepts service from Ricoh's counsel.  As of the time of filing this motion, Oki's counsel has not been served.  Meanwhile, the ITC investigation is proceeding.  Oki's Answer will be due no more than three months before the May ITC trial, and the administrative law judge's decision (*i.e.*, initial determination) is due September 2010.  Order No. 6, *In the Matter of Certain Printing and Imaging Devices and Components Thereof*, USITC Inv. No. 337-TA-690 (Nov. 9, 2009) (a copy of which is attached hereto as Exhibit B).   There is little chance that any significant activity will occur in the present district court case prior to the time trial is completed at the ITC.  *See Alloc, Inc. v. Unilin Decor N.V.*, No. 03-253-GMS, 2003 WL 21640372 (D. Del. July 11, 2003) (granting a stay based on a pending reexamination and noting that "discovery in

th[e] case has not yet begun, nor has a discovery schedule been entered"). Even with a stay, Ricoh will obtain speedy resolution of its claims of patent infringement. Should Ricoh not obtain the relief it requested at the ITC, it may then pursue its claims of patent infringement in this Court with minimal delay.

Second, given the overlapping technology area and accused products in this action and the ITC, Defendants believe that this case may be resolved between the parties based on the outcome of the ITC action. All three co-pending complaints stem from failed licensing negotiations between Ricoh and Oki which began in or around April 2006. Prior to April 2006, Ricoh and Oki had a cross-license agreement involving at least some of the patents asserted in the pending actions and the same product lines. Oki reasonably believes that the present printer patent dispute can be resolved through settlement. Therefore, a stay in the present case will not only promote judicial economy, but also preserve the resources of the parties.

Third, a discretionary stay may also be issued if the petitioner can "demonstrate 'a clear case of hardship or inequity,' if there is 'even a fair possibility that the stay would work damage on another party.'" *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983) (citing *Landis*, 299 U.S. at 255); *see also Sandisk Corp. v. Phison Elecs. Corp.*, 538 F. Supp. 2d 1060, 1065 (W.D. Wis. 2008). As set forth above, Ricoh will not be prejudiced by entry of a stay since any delay in this case will be minimal. In contrast, absent a stay, Oki would endure undue hardship, having to simultaneously defend two different cases involving the same products in two different forums proceeding along two significantly different timelines. Ricoh could have asserted all eight patents before the ITC, but apparently chose not to do so solely for tactical reasons. Ricoh is a much larger corporation than Oki with significantly more resources

-8-

that allows Ricoh to strategically conduct litigation on multiple simultaneous proceedings involving claims of infringement against identical products.  As of March 31, 2009, Ricoh had about six times as many employees and about twice the capital as Oki.  *Compare* Ricoh/Company Data, http://www.ricoh.com/about/who/company (135.3 billion yen and 108,500 employees worldwide), *with* http://www.oki.com/en/profile/info/ (76.94 billion yen and 17,415 employees worldwide) (last visited Nov. 12, 2009).

In short, (1) the minimal delay, (2) the potential for settlement, and (3) the hardship to defendants constitute more than sufficient reason for the Court to grant a stay under its inherent authority to preserve judicial resources.

## III.    CONCLUSION

For at least the foregoing reasons, Oki respectfully asks this Court to stay proceedings in this case until resolution of the co-pending Investigation No. 337-TA-690 at the ITC is resolved.


Dated: November 19, 2009                          Respectfully submitted,

                                                  John C. Phillips, Jr. (#110)
                                                  Brian E. Farnan (#4089)
                                                  PHILLIPS, GOLDMAN & SPENCE, P.A.
                                                  1200 North Broom Street
                                                  Wilmington, DE 19801
                                                  (302) 655-4200
                                                  jcp@pgslaw.com
                                                  bef@pgslaw.com

                                                  and

                                                  James H. Wallace, Jr.
                                                  Gregory Lyons
                                                  Eric Weisblatt
                                                  Brian H. Pandya

Matthew J. Dowd
Karin Hessler

WILEY REIN LLP
1776 K Street NW
Washington, D.C. 20006
(202) 719-7000 (phone)
(202) 719-7049 (facsimile)

Attorneys for Defendants/Counterclaim-
Plaintiffs  Oki Data Corporation and Oki Data
Americas, Inc.

**STATEMENT REQUIRED UNDER D. DEL. LR 7.1.1**

Pursuant to D. Del. LR 7.1.1, counsel for Defendants have conferred with counsel for

Plaintiffs Ricoh Company, Ltd. and Ricoh Americas Corporation.  No agreement was reached.

Plaintiffs have stated they will oppose this motion.

_____
John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
PHILLIPS, GOLDMAN & SPENCE, P.A.
1200 North Broom Street
Wilmington, DE 19801
(302) 655-4200
jcp@pgslaw.com
bef@pgslaw.com