IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD. and<br>RICOH AMERICAS CORPORATION, | ) ) ) | |
| Plaintiffs and<br>Counter-defendants, | ) ) ) | |
| v. | ) ) | C.A. No. 09-694-SLR |
| OKI DATA CORPORATION and<br>OKI DATA AMERICAS, INC., | ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants and<br>Counter-plaintiffs. | ) ) ) | |

## ANSWER TO COMPLAINT AND COUNTERCLAIMS

Defendants Oki Data Corporation and Oki Data Americas, Inc. ("Defendants" or "Counter-plaintiffs"), by and through their undersigned counsel, hereby answer the Complaint of Ricoh Company, Ltd. and Ricoh Americas Corporation ("Plaintiffs" or "Counter-defendants"), and assert counterclaims against Plaintiffs. Defendants demand a jury trial on all issues so triable.

1.  Defendants admit that Plaintiffs purport to assert a civil action for patent infringement, damages, and injunctive relief under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*   Defendants admit that this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

2.  Denied.

3.  Defendants admit that this Court has personal jurisdiction over Oki Data Americas, Inc. by virtue of its incorporation in Delaware. Oki Data Corporation consents to

personal jurisdiction for the limited purpose of this lawsuit only.  Defendants deny the remaining allegations of ¶ 3 of the Complaint.

4.      Upon information and belief, Defendants admit that Ricoh Company, Ltd. is a Japanese corporation with its principal place of business in Tokyo, Japan.

5.      Upon information and belief, Defendants admit that Ricoh Americas Corporation is a corporation incorporated and existing under the laws of the State of Delaware.

6.      Defendants admit that Oki Data Corporation is a corporation organized under the laws of Japan with its principal place of business in Tokyo, Japan. Defendants deny the remaining allegations of ¶ 6 of the Complaint.

7.      Defendants admit that Oki Data Americas, Inc. is a corporation organized and existing under the laws of the State of Delaware.  Defendants admit that this Court has personal jurisdiction over Oki Data Americas, Inc. by virtue of its incorporation in Delaware. Defendants deny the remaining allegations of ¶ 7 of the Complaint.

8.      Denied.

9.      Defendant Oki Data Corporation admits that it is a global supplier of printing and imaging devices for home and business use and markets and sells its products through its retail business partners and through various retail companies.  Defendant Oki Data Corporation denies the remaining allegations of ¶ 9 of the Complaint.  Defendant Oki Data Americas, Inc. admits that it is a supplier of printing and imaging devices for home and business use in North, Central and South America, and markets and sells its products in North, Central and South America through its retail business partners and through various retail companies as well as through its own website.  Defendant Oki Data Americas, Inc. denies the remaining allegations of ¶ 9 of the Complaint.

DB02:9277295.1                                                                                      069002.1002

10.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations, and therefore deny the allegations of ¶ 10 of the Complaint.

11.     Defendant Oki Data Americas, Inc. admits that it sells and offers for sale in the United States various printing and imaging devices, including multifunction printers and components thereof. Defendant Oki Data Corporation admits that certain of its printing and imaging devices are imported by Oki Data Americas, Inc. into the United States. Defendant Oki Data Americas, Inc. admits that it currently offers for sale the C3400n, C830 series, and C710 series printing devices. Defendants deny the remaining allegations of ¶ 11 of the Complaint.

12.     Defendants admit that on March 24, 2009, the U.S. Patent and Trademark Office issued U.S. Patent No. 7,508,533 ("the '533 patent"), entitled "Method and Computer Program Product for Controlling a Configuration of a Printer." Defendants admit that attached to the Complaint is what appears to be a copy of the '533 patent. Defendants deny that the '533 patent was duly and legally issued and deny the remaining allegations of ¶ 12 of the Complaint.

13.     Defendants admit that on June 9, 1998, the U.S. Patent and Trademark Office issued U.S. Patent No. 5,764,864 ("the '864 patent"), entitled "Facsimile Machine Having a Power Saving Function." Defendants admit that attached to the Complaint is what appears to be a copy of the '864 patent. Defendants deny that the '864 patent was duly and legally issued and deny the remaining allegations of ¶ 13 of the Complaint.

14.     Defendants admit that on December 19, 2000, the U.S. Patent and Trademark Office issued U.S. Patent No. 6,163,669 ("the '669 patent"), entitled "Image Forming Apparatus." Defendants admit that attached to the Complaint is what appears to be a copy of the '669 patent. Defendants deny that the '669 patent was duly and legally issued and deny the remaining allegations of ¶ 14 of the Complaint.

3

15.     Defendants admit that Ricoh Company, Ltd. is listed as an assignee on the face of the '533 patent, the '864 patent, and the '669 patent.  Defendants lack knowledge or information sufficient to form a belief about the truth of the other allegations, and therefore deny the remaining allegations of ¶ 15 of the Complaint.

16.     Defendants admit that Ricoh Company, Ltd. and Oki Data Corporation entered into a patent cross-license agreement in 2001, the terms of which were confidential.  Defendants admit that following the expiration of the aforementioned 2001 agreement, Ricoh Company, Ltd. and Oki Data Corporation began negotiating the terms of a new cross-license agreement in 2006. Defendants deny the remaining allegations of ¶ 16 of the Complaint.

17.     Defendants re-state and incorporate by reference paragraphs 1 through 16 above.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Defendants re-state and incorporate by reference paragraphs 1 through 24 above.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

DB02:9277295.1                                                                 069002.1002

31.     Denied.

32.     Denied.

33.     Defendants re-state and incorporate by reference paragraphs 1 through 32 above.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

Defendants deny the remaining allegations, if any, in Plaintiffs' "Prayer for Relief," to the extent a response is required by law.

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, Defendants assert the following defenses, undertaking the burden of proof on such defenses only to the extent required by law.  Defendants reserve their right to amend their Answer with additional defenses as more information is obtained.

## FIRST DEFENSE
## FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED

With respect to each purported claim for relief alleged in the Complaint, Plaintiffs fail to state a claim against Defendants upon which relief may be granted.

DB02:9277295.1                                          069002.1002

## SECOND DEFENSE
## NON-INFRINGEMENT OF THE '533 PATENT

Defendants have not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '533 patent, and Defendants are not liable for infringement thereof.

## THIRD DEFENSE
## INVALIDITY OF THE '533 PATENT

On information and belief, the claims of the '533 patent are invalid for failing to comply with the provisions of the patent laws of the United States, including without limitation one or more of 35 U.S.C. §§ 102, 103 and 112.

## FOURTH DEFENSE
## NON-INFRINGEMENT OF THE '864 PATENT

Defendants have not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '864 patent, and Defendants are not liable for infringement thereof.

## FIFTH DEFENSE
## INVALIDITY OF THE '864 PATENT

On information and belief, the claims of the '864 patent are invalid for failing to comply with the provisions of the patent laws of the United States, including without limitation one or more of 35 U.S.C. §§ 102, 103 and 112.

## SIXTH DEFENSE
## NON-INFRINGEMENT OF THE '669 PATENT

Defendants have not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '669 patent, and Defendants are not liable for infringement thereof.

## SEVENTH DEFENSE
## INVALIDITY OF THE '669 PATENT

On information and belief, the claims of the '669 patent are invalid for failing to comply with the provisions of the patent laws of the United States, including without limitation one or more of 35 U.S.C. §§ 102, 103 and 112.

## EIGHTH DEFENSE
## EQUITABLE ESTOPPEL

Plaintiffs' claims and requested relief are barred by the doctrine of equitable estoppel.

## NINTH DEFENSE
## LACK OF STANDING

One or both Plaintiffs lack standing to assert the rights on which relief is requested.

## TENTH DEFENSE
## ADEQUATE REMEDY AT LAW

Plaintiffs are not entitled to injunctive relief because any injury to them is not immediate or irreparable, and Plaintiffs have an adequate remedy at law for any claims they are able to prove.

## ELEVENTH DEFENSE
## LIMITATION ON DAMAGES

Plaintiffs' recovery (if any) for alleged infringement of the '533 Patent, the '864 Patent and/or the '669 Patent (collectively, "the Ricoh Patents") is limited to any alleged infringement committed no more than six years prior to the filing of Plaintiffs' Complaint, pursuant to 35 U.S.C. § 286.

## TWELFTH DEFENSE
## LICENSE

For at least some period of time, Defendants were licensed to practice the alleged inventions of one or more of the Ricoh Patents.

069002.1002

### THIRTEENTH DEFENSE
### PATENT MISUSE

The Ricoh Patents are unenforceable due to patent misuse.

### COUNTERCLAIMS

Oki Data Corporation and Oki Data Americas, Inc. ("Counter-plaintiffs"), by and through their undersigned counsel, hereby assert the following counterclaims against Ricoh Company, Ltd. and Ricoh Americas Corporation ("Counter-defendants"). Counter-plaintiffs demand a jury trial on all issues so triable.

1.      Oki Data Corporation is a corporation organized and existing under the laws of Japan with its headquarters at 4-11-22, Shibaura, Minato-ku, Tokyo 108-8551, Japan.

2.      Oki Data Americas, Inc. is a corporation organized and existing under the laws of the State of Delaware with its headquarters at 2000 Bishops Gate Boulevard, Mount Laurel, NJ 08054.

3.      Upon information and belief, Ricoh Company, Ltd. is a corporation organized and existing under the laws of Japan with its headquarters at 8-13-1 Ginza, Chuo-ku, Tokyo 104-8222 Japan.

4.      Upon information and belief, Ricoh Americas Corporation is a corporation incorporated and existing under the laws of the State of Delaware with its headquarters at 5 Dedrick Place, West Caldwell, New Jersey 07006.

5.      These counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and this Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§ 1331, 1338(a), and 1367(a), and under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

8

6.     With respect to the declaratory relief sought by these counterclaims, there is a substantial controversy between Counter-plaintiffs and Counter-defendants, of sufficient immediacy and reality to warrant the issuance of a judgment declaring the rights and other legal relations of the parties and awarding other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     This Court has personal jurisdiction over Counter-defendants at least because they have submitted to the jurisdiction of this Court by the filing of this patent infringement action.

8.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

### FIRST COUNTERCLAIM
### DECLARATION OF INVALIDITY
### AND NON-INFRINGEMENT OF U.S. PATENT NO. 7,508,533

9.     Counter-plaintiffs re-state and incorporate by reference paragraphs 1 through 8 above.

10.    U.S. Patent No. 7,508,533 ("the '533 patent"), entitled "Method and Computer Program Product for Controlling a Configuration of a Printer" was issued by the U.S. Patent and Trademark Office on March 24, 2009.

11.    In this lawsuit, Counter-defendants claim that Counter-plaintiffs infringe the '533 patent directly and indirectly.

12.    Counter-plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '533 patent, and Counter-plaintiffs are not liable for infringement thereof.

13.    On information and belief, the claims of the '533 patent are invalid for failing to comply with the provisions of the patent laws of the United States, including without limitation one or more of 35 U.S.C. §§ 102, 103 and 112.

069002.1002

## SECOND COUNTERCLAIM
## DECLARATION OF INVALIDITY
## AND NON-INFRINGEMENT OF U.S. PATENT NO. 5,764,864

14.     Counter-plaintiffs re-state and incorporate by reference paragraphs 1 through 13 above.

15.     U.S. Patent No. 5,764,864 ("the '864 patent"), entitled "Facsimile Machine Having a Power Saving Function" was issued by the U.S. Patent and Trademark Office on June 9, 1998.

16.     In this lawsuit, Counter-defendants claim that Counter-plaintiffs infringe the '864 patent directly and indirectly.

17.     Counter-plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '864 patent, and Counter-plaintiffs are not liable for infringement thereof.

18.     On information and belief, the claims of the '864 patent are invalid for failing to comply with the provisions of the patent laws of the United States, including without limitation one or more of 35 U.S.C. §§ 102, 103 and 112.

## THIRD COUNTERCLAIM
## DECLARATION OF INVALIDITY
## AND NON-INFRINGEMENT OF U.S. PATENT NO. 6,163,669

19.     Counter-plaintiffs re-state and incorporate by reference paragraphs 1 through 18 above.

20.     U.S. Patent No. 6,163,669 ("the '669 patent"), entitled "Image Forming Apparatus" was issued by the U.S. Patent and Trademark Office on December 19, 2000

21.     In this lawsuit, Counter-defendants claim that Counter-plaintiffs infringe the '669 patent directly and indirectly.

10

22.     Counter-plaintiffs have not infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '669 patent, and Counter-plaintiffs are not liable for infringement thereof.

23.     On information and belief, the claims of the '669 patent are invalid for failing to comply with the provisions of the patent laws of the United States, including without limitation one or more of 35 U.S.C. §§ 102, 103 and 112.

### FOURTH COUNTERCLAIM
### INFRINGEMENT OF U.S. PATENT NO. 6,733,407

24.     Counter-plaintiffs re-state and incorporate by reference paragraphs 1 through 23 above.

25.     The U.S. Patent and Trademark Office issued U.S. Patent No. 6,733,407, entitled "Belt Driving Apparatus" ("the '407 Patent") on May 11, 2004.  A copy of the '407 Patent is attached hereto as Exhibit A.

26.     Oki Data Corporation is the assignee of all right, title and interest in the '407 Patent, including but not limited to the right to assert claims for infringement.

27.     Counter-defendants Ricoh Company, Ltd. and Ricoh Americas Corporation have infringed and continue to infringe one or more claims of the '407 Patent, directly and indirectly, literally, and/or under the doctrine of equivalents.

28.     Counter-defendants' infringing acts include the manufacture, use, offer for sale, sale, and importation into the United States of printing devices and printer components, including but not limited to the Ricoh Aficio SP C311N.

29.     Counter-defendants' infringing acts violate one or more sections of 35 U.S.C. § 271.

11

30.     Counter-defendants had actual notice of the '407 Patent prior to the filing of these counterclaims.

31.     Counter-defendants' infringement of the '407 Patent has been and continues to be willful.

32.     Counter-defendants' infringement of the '407 Patent has caused and continues to cause irreparable injury to Counter-plaintiffs, and has damaged Counter-plaintiffs.

## FIFTH COUNTERCLAIM
### INFRINGEMENT OF U.S. PATENT NO. 7,133,633

33.     Counter-plaintiffs re-state and incorporate by reference paragraphs 1 through 32 above.

34.     The U.S. Patent and Trademark Office issued U.S. Patent No. 7,133,633, entitled "Image Forming Apparatus With Paper Separator-Fixing Roller Gap Mechanism" ("the '633 Patent") on November 7, 2006.  A copy of the '633 Patent is attached hereto as Exhibit B.

35.     Oki Data Corporation is the assignee of all right, title and interest in the '633 Patent, including but not limited to the right to assert claims for infringement.

36.     Counter-defendants Ricoh Company, Ltd. and Ricoh Americas Corporation have infringed and continue to infringe one or more claims of the '633 Patent, directly and indirectly, literally, and/or under the doctrine of equivalents.

37.     Counter-defendants' infringing acts include the manufacture, use, offer for sale, sale, and importation into the United States of printing devices and printer components, including but not limited to the Ricoh Aficio SP C311N.

38.     Counter-defendants' infringing acts violate one or more sections of 35 U.S.C. § 271.

39.     Counter-defendants had actual notice of the '633 Patent prior to the filing of these counterclaims.

40.     Counter-defendants' infringement of the '633 Patent has been and continues to be willful.

41.     Counter-defendants' infringement of the '633 Patent has caused and continues to cause irreparable injury to Counter-plaintiffs, and has damaged Counter-plaintiffs.

## SIXTH COUNTERCLAIM
## INFRINGEMENT OF U.S. PATENT NO. 7,437,105

42.     Counter-plaintiffs re-state and incorporate by reference paragraphs 1 through 41 above.

43.     The U.S. Patent and Trademark Office issued U.S. Patent No. 7,437,105, entitled "Developing Device and Image Forming Apparatus" ("the '105 Patent") on October 14, 2008.  A copy of the '105 Patent is attached hereto as Exhibit C.

44.     Oki Data Corporation is the assignee of all right, title and interest in the '105 Patent, including but not limited to the right to assert claims for infringement.

45.     Counter-defendants Ricoh Company, Ltd. and Ricoh Americas Corporation have infringed and continue to infringe one or more claims of the '105 Patent, directly and indirectly, literally, and/or under the doctrine of equivalents.

46.     Counter-defendants' infringing acts include the manufacture, use, offer for sale, sale, and importation into the United States of printing devices and printer components, including but not limited to the Ricoh Aficio SP C311N and the compatible Ricoh print cartridges.

47.     Counter-defendants' infringing acts violate one or more sections of 35 U.S.C. § 271.

13

48.     Counter-defendants had actual notice of the '105 Patent prior to the filing of these counterclaims.

49.     Counter-defendants' infringement of the '105 Patent has been and continues to be willful.

50.     Counter-defendants' infringement of the '105 Patent has caused and continues to cause irreparable injury to Counter-plaintiffs, and has damaged Counter-plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/Counter-plaintiffs Oki Data Corporation and Oki Data Americas, Inc. respectfully request that the Court enter judgment:

a.     declaring that the '533 Patent is invalid;

b.     declaring that the '533 Patent is not and has not been infringed by Defendants/Counter-plaintiffs Oki Data Corporation and Oki Data Americas, Inc.;

c.     declaring that the '864 Patent is invalid;

d.     declaring that the '864 Patent is not and has not been infringed by Defendants/Counter-plaintiffs Oki Data Corporation and Oki Data Americas, Inc.;

e.     declaring that the '669 Patent is invalid;

f.     declaring that the '669 Patent is not and has not been infringed by Defendants/Counter-plaintiffs Oki Data Corporation and Oki Data Americas, Inc.;

g.     that the '407 Patent has been and continues to be infringed by Plaintiffs/Counter-defendants Ricoh Company, Ltd. and Ricoh Americas Corporation;

h.     that the '407 Patent has been willfully infringed by Plaintiffs/Counter-defendants Ricoh Company, Ltd. and Ricoh Americas Corporation;

i.     that the '633 Patent has been and continues to be infringed by Plaintiffs/Counter-defendants Ricoh Company, Ltd. and Ricoh Americas Corporation;

14

069002.1002

j.      that the '633 Patent has been willfully infringed by Plaintiffs/Counter-defendants Ricoh Company, Ltd. and Ricoh Americas Corporation;

k.      that the '105 Patent has been and continues to be infringed by Plaintiffs/Counter-defendants Ricoh Company, Ltd. and Ricoh Americas Corporation;

l.      that the '105 Patent has been willfully infringed by Plaintiffs/Counter-defendants Ricoh Company, Ltd. and Ricoh Americas Corporation;

m.      permanently enjoining Plaintiffs/Counter-defendants Ricoh Company, Ltd. and Ricoh Americas Corporation from continuing their infringing activity;

n.      awarding Defendant/Counter-plaintiff Oki Data Corporation damages under 35 U.S.C. § 284 adequate to compensate Defendant/Counter-plaintiff Oki Data Corporation for the infringement of Plaintiffs/Counter-defendants Ricoh Company, Ltd. and Ricoh Americas Corporation, including but not limited to lost profits damages and/or reasonable royalty damages;

o.      awarding Defendant/Counter-plaintiff Oki Data Corporation treble damages under 35 U.S.C. § 284;

p.      awarding Defendant/Counter-plaintiff Oki Data Corporation pre-judgment and post-judgment interest on any damage award;

q.      awarding Defendants/Counter-plaintiffs Oki Data Corporation and Oki Data Americas their attorneys' fees on the grounds that this is an exceptional case under 35 U.S.C. § 285;

r.      awarding Defendants/Counter-plaintiffs Oki Data Corporation and Oki Data Americas, Inc. their costs;

15

s.      awarding to Defendants/Counter-plaintiffs Oki Data Corporation and Oki Data

Americas, Inc. any and all other relief to which they are entitled and which the Court deems just

and appropriate.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP


/s/ John W. Shaw
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

– and –

Marc R. Labgold, Ph.D.
NAGASHIMA & HASHIMOTO
Hirakawa-cho KS Bldg., 2nd Floor
2-4-14 Hirakawa-cho, Chiyoda-ku
Tokyo 102-0093 Japan

*Attorneys for Oki Data Corporation
and Oki Data Americas, Inc.*

Dated: February 22, 2010

16

## CERTIFICATE OF SERVICE

I, John W. Shaw Esquire, hereby certify that on February 22, 2010, I caused to be electronically filed a copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon, LLP
> 1313 N. Market St., Hercules Plaza, 6th Flr.
> P.O. Box 951
> Wilmington, DE 19899-0951
> (302) 984-6000
> *rhorwitz@potteranderson.com*
> *dmoore@potteranderson.com*

I further certify that on February 22, 2010, I caused a copy of the foregoing document to be served by e-mail on the above-listed counsel  and on the following non-registered participants:

> John Allcock, Esquire
> Sean C. Cunningham, Esquire
> Edward H. Sikorski, Esquire
> Stanley J. Panikowski, Esquire
> Brian M. Fogarty, Esquire
> DLA Piper LLP
> 401 B Street, Suite 1700
> San Diego, CA  92101-4297
> *john.allcock@dlapiper.com*
> *sean.cunningham@dlapiper.com*
> *ed.sikorski@dlapiper.com*
> *stanley.panikowski@dlapiper.com*
> *brian.fogarty@dlapiper.com*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

_/s/ John W. Shaw_____
John W. Shaw, Esquire (No. 3362)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Oki Data Corporation
and Oki Data Americas, Inc.*

2