IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICOH COMPANY, LTD., a Japanese corporation, and RICOH AMERICAS CORPORATION, a Delaware corporation,<br><br>Plaintiffs and Counter-defendants,<br><br>v.<br><br>OKI DATA CORPORATION, a Japanese corporation, and OKI DATA AMERICAS, INC., a Delaware corporation,<br><br>Defendants and Counter-plaintiffs. | C. A. No. 09-694-SLR<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS AND COUNTER-DEFENDANTS RICOH COMPANY, LTD. AND RICOH AMERICAS CORPORATION'S PARTIAL ANSWER TO OKI DATA'S COUNTERCLAIMS AND DEMAND FOR JURY TRIAL**

Plaintiffs and Counter-defendants Ricoh Company, Ltd. and Ricoh Americas Corporation (collectively, "Ricoh") file this partial answer to the Counterclaims asserted by Defendants and Counter-plaintiffs Oki Data Corporation and Oki Data Americas, Inc. (collectively, "Oki Data") on February 22, 2010. Ricoh hereby responds to each numbered paragraph in Oki Data's Counterclaims as follows:

**RICOH'S ANSWER TO OKI DATA'S FEBRUARY 22, 2010 COUNTERCLAIMS**

1. On information and belief, Ricoh admits that Oki Data Corporation is a corporation organized and existing under the laws of Japan with its headquarters at 4-11-22, Shibaura, Minato-ku, Tokyo 108-8551, Japan.

2. On information and belief, Ricoh admits that Oki Data Americas, Inc. is a corporation organized and existing under the laws of the state of Delaware with its headquarters at 2000 Bishops Gate Boulevard, Mount Laurel, NJ 08054.

3. Ricoh admits that Ricoh Company, Ltd. is organized and existing under the laws of Japan, having a principal place of business at 8-13-1 Ginza, Chuo-ku, Tokyo, 104-8222, Japan.

4. Ricoh admits that Ricoh Americas Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 5 Dedrick Place, West Caldwell, NJ 07006.

5. Ricoh admits that jurisdiction is proper in this Court.

6. Ricoh admits that there is a substantial controversy regarding Oki Data's counterclaims.

7. Ricoh admits that jurisdiction is proper in this Court.

8. Ricoh admits that venue is proper in this District.

**FIRST COUNTERCLAIM**
**DECLARATION OF INVALIDITY**
**AND NON-INFRINGEMENT OF U.S. PATENT NO. 7,508,533**

9. Ricoh incorporates its responses to all of the paragraphs above, as if set forth fully herein.

10. Ricoh admits that on March 24, 2009, United States Patent No. 7,508,533 ("the '533 Patent") duly and legally issued to Ricoh Company, Ltd. The '533 Patent is entitled "Method and Computer Program Product for Controlling a Configuration of a Printer."

11. Ricoh admits that, among other things, it has accused Oki Data of infringing the '533 patent.

12. Ricoh denies the allegations of paragraph 12.

13. Ricoh denies the allegations of paragraph 13.

**SECOND COUNTERCLAIM**
**DECLARATION OF INVALIDITY**
**AND NON-INFRINGEMENT OF U.S. PATENT NO. 5,764,864**

14. Ricoh incorporates its responses to all of the paragraphs above, as if set forth fully herein.

15. Ricoh admits that on June 9, 1998, United States Patent No. 5,764,864 ("the '864 Patent") duly and legally issued to Ricoh Company, Ltd. The '864 Patent is entitled "Facsimile Machine Having a Power Saving Function."

16. Ricoh admits that, among other things, it has accused Oki Data of infringing the '864 patent.

17. Ricoh denies the allegations of paragraph 17.

18. Ricoh denies the allegations of paragraph 18.

**THIRD COUNTERCLAIM**
**DECLARATION OF INVALIDITY**
**AND NON-INFRINGEMENT OF U.S. PATENT NO. 6,163,669**

19. Ricoh incorporates its responses to all of the paragraphs above, as if set forth fully herein.

20. Ricoh admits that on December 19, 2000, United States Patent No. 6,163,669 ("the '669 Patent") duly and legally issued to Ricoh Company, Ltd. The '669 Patent is entitled "Image Forming Apparatus."

21. Ricoh admits that, among other things, it has accused Oki Data of infringing the '669 patent.

22. Ricoh denies the allegations of paragraph 22.

23. Ricoh denies the allegations of paragraph 23.

**FOURTH COUNTERCLAIM**
**INFRINGEMENT OF U.S. PATENT NO. 6,733,407**

24. Ricoh is not required to respond to the allegations of paragraph 24 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

25. Ricoh is not required to respond to the allegations of paragraph 25 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

26. Ricoh is not required to respond to the allegations of paragraph 26 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

27. Ricoh is not required to respond to the allegations of paragraph 27 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

28. Ricoh is not required to respond to the allegations of paragraph 28 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

29. Ricoh is not required to respond to the allegations of paragraph 29 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

30. Ricoh is not required to respond to the allegations of paragraph 30 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

31. Ricoh is not required to respond to the allegations of paragraph 31 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

32. Ricoh is not required to respond to the allegations of paragraph 32 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**FIFTH COUNTERCLAIM**
**INFRINGEMENT OF U.S. PATENT NO. 7,133,633**

33. Ricoh is not required to respond to the allegations of paragraph 33 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

34. Ricoh is not required to respond to the allegations of paragraph 34 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

35. Ricoh is not required to respond to the allegations of paragraph 35 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

36. Ricoh is not required to respond to the allegations of paragraph 36 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

37. Ricoh is not required to respond to the allegations of paragraph 37 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

38. Ricoh is not required to respond to the allegations of paragraph 38 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

39. Ricoh is not required to respond to the allegations of paragraph 39 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

40. Ricoh is not required to respond to the allegations of paragraph 40 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

41. Ricoh is not required to respond to the allegations of paragraph 41 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## SIXTH COUNTERCLAIM
## INFRINGEMENT OF U.S. PATENT NO. 7,437,105

42. Ricoh is not required to respond to the allegations of paragraph 42 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

43. Ricoh is not required to respond to the allegations of paragraph 43 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

44. Ricoh is not required to respond to the allegations of paragraph 44 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

45. Ricoh is not required to respond to the allegations of paragraph 45 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

46. Ricoh is not required to respond to the allegations of paragraph 46 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

47. Ricoh is not required to respond to the allegations of paragraph 47 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

48. Ricoh is not required to respond to the allegations of paragraph 48 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

49. Ricoh is not required to respond to the allegations of paragraph 49 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

50. Ricoh is not required to respond to the allegations of paragraph 50 because it has filed a motion to dismiss this claim pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Ricoh denies that Oki Data is entitled to any relief on its First, Second, and Third Counterclaims. Ricoh is not required to respond to the remainder of the Prayer for Relief at this time because it has filed a motion to dismiss all claims that would give rise to the remainder of the requested relief pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMANDED

Ricoh demands a trial by jury in this action on all issues and causes of action so triable, pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: /s/ Richard L. Horwitz

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs Ricoh Company, Ltd., and Ricoh Americas Corporation*

OF COUNSEL:

John Allcock
Sean C. Cunningham
Edward H. Sikorski
Stanley J. Panikowski
Brian M. Fogarty
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2900

Dated: April 8, 2010
961028 / 34802

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on April 8, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on April 8, 2010, the attached document was electronically mailed to the following person(s)

John W. Shaw
Jeffrey Thomas Castellano
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
jshaw@ycst.com
jcastellano@ycst.com

Marc R. Labgold, Ph.D.
Nagashima & Hashimoto
Hirakawa-cho KS Bldg., 2nd Floor
2-4-14 Hirakawa-cho, Chiyoda-ku
Tokyo 102-0093 Japan
drlabgold@aol.com

*/s/ Richard L. Horwitz*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com