IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD. and RICOH AMERICAS CORPORATION, | ) ) ) | |
| Plaintiffs and Counter-defendants, | ) ) ) | |
| v. | ) ) | C.A. No. 09-694-SLR |
| OKI DATA CORPORATION and OKI DATA AMERICAS, INC., | ) ) ) | REDACTED - PUBLIC VERSION |
| Defendants and Counter-plaintiffs. | ) ) ) | |

## DEFENDANTS OKI DATA CORPORATION AND OKI DATA AMERICAS, INC.'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO DISMISS FOURTH, FIFTH AND SIXTH COUNTERCLAIMS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

*Attorneys for Oki Data Corporation
and Oki Data Americas, Inc.*

*Of Counsel:*

Marc R. Labgold, Ph.D.
NAGASHIMA & HASHIMOTO
Hirakawa-cho KS Bldg., 2nd Floor
2-4-14 Hirakawa-cho, Chiyoda-ku
Tokyo 102-0093 Japan
mlabgold@labgoldlaw.com

Dated: May 24, 2010

Redacted Version: June 1, 2010

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................ iii

NATURE AND STAGE OF THE PROCEEDINGS ............................................... 1

SUMMARY OF ARGUMENT ..................................................................... 2

STATEMENT OF FACTS .......................................................................... 3

    A. ███████████████████████████ .......... 3

    B. ██████████████████████████████ ........ 6

    C. ███████████████████████ ............ 8

ARGUMENT ........................................................................................ 9

    I.     OKI DATA'S COUNTERCLAIMS MEET THE PLEADING
           STANDARD ..................................................................... 9

    II.    THE MATERIALS RICOH HAS SUBMITTED CANNOT BE
           CONSIDERED ON A MOTION TO DISMISS ................................ 10

           A.   Ricoh's Documents Were Not Integral To Or Relied Upon
                 In Oki Data's Counterclaims ......................................... 10

           B.   Oki Data's Counterclaims Are Not Based On Ricoh's
                 Documents, Nor Are Ricoh's Documents Undisputedly
                 Authentic ................................................................ 11

           C.   Ricoh's Documents Are Not Subject To Judicial Notice
                 And Are Not Matters Of Public Record .............................. 13

    III.   EVEN IF RICOH'S MOTION IS CONVERTED TO ONE FOR
           SUMMARY JUDGMENT, GENUINE ISSUES OF MATERIAL
           FACT PRECLUDE JUDGMENT IN RICOH'S FAVOR ..................... 14

           A.   There Are Genuine Disputes Of Material Fact In The
                 Present Record ......................................................... 14

           B.   The Record Is Not Sufficiently Developed To Enter
                 Judgment In Ricoh's Favor On Its License Defense ................ 16

    C.    Even If There Were No Material Fact Issues, Ricoh Would
Not Be Entitled To Judgment As A Matter Of Law On Its
License Defense. ......................................................................17

IV.    DISCOVERY SHOULD PROCEED ON THE INFRINGEMENT
COUNTERCLAIMS ALONG WITH DISCOVERY ON
RICOH'S LICENSE DEFENSE. ...........................................................19

CONCLUSION ...................................................................................................20

# TABLE OF AUTHORITIES

Page

**Cases**

*Adkins v. Rumsfeld,*
   389 F. Supp. 2d 579 (D. Del. 2005) ................................................................ 11

*Angstadt v. Midd-West Sch. Dist.,*
   377 F.3d 338 (3d Cir. 2004) .......................................................................... 11

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (2009) ................................................................................. 9

*Fitzgibbon v. ING Bank,*
   No. 07-735 JJF, 2008 U.S. Dist. LEXIS 65941 (D. Del. Aug. 26, 2008) ............ 9

*GE Capital Corp. v. Lease Resolution Corp.,*
   128 F.3d 1074 (7th Cir. 1997) ...................................................................... 13

*Hilgraeve Corp. v. Symantec Corp.,*
   No. 97-40370, 1998 U.S. Dist. LEXIS 23360 (E.D. Mich. June 17, 1998) ........ 19

*Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.,*
   393 F. Supp. 2d 972 (N.D. Cal. 2005) ........................................................... 11

*In re Burlington Coat Factory Sec. Litig.,*
   114 F.3d 1410 (3d Cir. 1997) ....................................................................... 11

*In re Rockefeller Center Properties, Inc. Sec. Litig.,*
   184 F.3d 280 (3d Cir. 1999) ........................................................................ 10

*Intel Corp. v. ITC,*
   946 F.2d 821 (Fed. Cir. 1991) ..................................................................... 14

*Kearney & Trecker Corp. v. Giddings & Lewis Machine Tool Co.,*
   285 F. Supp. 483 (E.D. Wis. 1968) ............................................................... 19

*Kulwicki v. Dawson,*
   969 F.2d 1454 (3d Cir. 1992) ...................................................................... 13

*Milton Roy Co. v. Bausch & Lomb, Inc.,*
   418 F. Supp. 975 (D. Del. 1976) .................................................................... 9

*Pension Benefit Guar. Corp. v. White Consol. Indus.,*
   998 F.2d 1192 (3d Cir. 1993) .................................................................. 10, 13

*Phonometrics, Inc. v. Hospitality Franchise Sys.,*
    203 F.3d 790 (Fed. Cir. 2000) ............................................................. 10

*Promus Hotels, Inc. v. Hadnot Hotel Props., Inc.,*
    No. 04-2454-A, 2006 U.S. Dist. LEXIS 64215 (W.D. La. Aug. 24, 2006) ............. 13

*Revell v. Port Auth.,*
    598 F.3d 128 (3d Cir. 2010) ................................................................. 9

*Selkridge v. United of Omaha Life Ins. Co.,*
    360 F.3d 155 (3d Cir. 2004) ............................................................... 13

*Thompson v. Wheeler,*
    898 F.2d 406 (3d Cir. 1990) ............................................................... 11

*Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.,*
    524 F.3d 315 (1st Cir. 2008) .............................................................. 13

*U.S. Philips Corp. v. Synergy Dynamics Int'l, LLC,*
    No. 2:05-cv-00577-PMP-GWF, 2006 U.S. Dist. LEXIS 86198 (D. Nev. Nov.
    22, 2006) ...................................................................................... 19

*Upchurch v. Hester,*
    No. 05-252-JJF, 2006 U.S. Dist. LEXIS 37472 (D. Del. June 8, 2006) ............. 11

*Wasserman v. Bressman (In re Bressman),*
    327 F.3d 229 (3d Cir. 2003) ............................................................... 14

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................ *passim*

Fed. R. Civ. P. 12(d) ............................................................................... 14

Fed. R. Civ. P. 44.1 ................................................................................ 18

Fed. R. Civ. P. 56(c)(2) ........................................................................... 14

Fed. R. Civ. P. 56(f) ............................................................................... 17

Fed. R. Evid. 201(b)................................................................................ 13

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
    §§ 1357, 1366 (2004 & Supp. 2009) ..................................................... 10

Restatement (Second) of Conflict of Laws § 188(2), (3) (1971)........................... 7

## NATURE AND STAGE OF THE PROCEEDINGS

The complaint filed by Ricoh Company, Ltd. and Ricoh Americas Corporation (collectively, "Ricoh") against Oki Data Corporation and Oki Data Americas, Inc. (collectively, "Oki Data") alleges infringement of three patents. (D.I. 1) Oki Data answered Ricoh's complaint on February 22, 2010, and asserted infringement of U.S. Patent Nos. 6,733,407, 7,133,633 and 7,437,105 (the "Oki Data Patents") in its fourth, fifth and sixth counterclaims (the "Infringement Counterclaims"). (D.I. 14)

Ricoh has moved to dismiss the Infringement Counterclaims under Federal Rule of Civil Procedure 12(b)(6), based on an alleged right to take a license to the Oki Data Patents. (D.I. 20, 21) Ricoh purported to exercise this alleged right just three days before it filed its motion to dismiss. Ricoh's motion, however, is both procedurally and substantively flawed.

The motion's procedural flaws arise from Ricoh's reliance on factual materials that are outside the pleadings — ██████████████████████████████████████████████ ███████████████████████████████████████████ ███ and a declaration from a Japanese lawyer ████████████████████████████ ████████████████ Substantively, the motion is flawed because Ricoh fails to explain ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ ████████████████████████████████

In short, Ricoh's motion to dismiss depends on documentary evidence and testimony outside the four corners of the pleadings. Moreover, even if those materials are considered, genuine issues of material fact remain. Because discovery will be needed to establish all of the facts rele-

1

vant to a determination of Ricoh's rights, if any, under the ████████████████████████████ ████████████████████████ the Court should deny Ricoh's motion.

## SUMMARY OF ARGUMENT

1.    The Infringement Counterclaims state, on their face, claims for infringement of the three Oki Data Patents.

2.    Ricoh asks the Court to consider materials that do not fall within the narrow categories of documents properly considered on a motion to dismiss under Rule 12(b)(6). The Court should therefore exclude those documents from its consideration. Because Ricoh's motion cannot survive without those documents, the motion should be denied.

3.    If the Court takes into consideration the documents outside the pleadings submitted by Ricoh, the motion to dismiss should be considered under the Rule 56 standard, and as such the motion should be denied. First, even the record as it now stands shows that genuine disputes of material fact exist. Second, Ricoh has submitted an incomplete record for consideration by the Court. Third, on the present record, Ricoh is not entitled to judgment as a matter of law on its asserted license defense.

4.    There is no basis for staying or postponing discovery on the Infringement Counterclaims. Discovery on all claims should proceed at the same time.

### STATEMENT OF FACTS[1]

**A.     The Parties'** ████████████████████████████
████████████████████████

Both Oki Data and Ricoh manufacture and sell printers and multi-function products.

(D.I. 1, ¶ 10; D.I. 14, ¶ 11)  As might be expected of large companies competing in technology-

dependent markets, Oki Data and Ricoh have traded assertions of patent infringement in the past,

and these assertions have on occasion, after significant negotiation, resulted in the granting of

cross-licenses.



---

[1]     Because Ricoh's motion seeks dismissal of the Infringement Counterclaims under Federal
Rule of Civil Procedure 12(b)(6), the relevant facts are those alleged in Oki Data's answer and
counterclaims (D.I. 14).  However, since Ricoh has introduced facts outside the pleadings, Oki
Data sets forth additional facts in response.  This Statement of Facts is not a concession that Ri-
coh's motion is properly heard under Rule 56 or that there are no genuine issues of material fact.







**B.**







## ARGUMENT

### I.   OKI DATA'S COUNTERCLAIMS MEET THE PLEADING STANDARD.

A complaint or counterclaim must only state a "plausible claim for relief" to survive a

motion to dismiss under Rule 12(b)(6).[7] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). In de-

termining whether a "plausible claim" has been stated, the Court must accept all factual allega-

tions as true and must make all reasonable inferences in favor of the non-moving party. *Id.* at

1949-50; *Revell v. Port Auth.*, 598 F.3d 128, 134 (3d Cir. 2010).

Here, Oki Data identified the patents it is asserting, asserted its ownership of those pat-

ents, described the means by which Ricoh infringes, and identified the specific sections of the

---

[7] A Rule 12(b)(6) motion to dismiss a counterclaim is decided under the same standard as a Rule 12(b)(6) motion to dismiss a complaint. *See Fitzgibbon v. ING Bank,* No. 07-735 JJF, 2008 U.S. Dist. LEXIS 65941 (D. Del. Aug. 26, 2008) (*citing Milton Roy Co. v. Bausch & Lomb, Inc.*, 418 F. Supp. 975, 978 (D. Del. 1976)).

patent laws that have been violated. (*See* D.I. 14 at ¶¶ 24-50.) As the Federal Circuit has stated, Rule 12(b)(6) "requires no more." *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000). Thus, Oki Data has stated a claim for patent infringement.

## II.  THE MATERIALS RICOH HAS SUBMITTED CANNOT BE CONSIDERED ON A MOTION TO DISMISS.

In deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to consideration of the four corners of the challenged pleading, documents that are attached to that pleading, and other "narrowly defined types of material." *In re Rockefeller Center Properties, Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999).

Ricoh's motion relies upon four documents that are outside the pleadings: ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and a declaration from a Japanese lawyer. None of these fit within the narrowly defined types of material the Court may consider on a Rule 12(b)(6) motion. Materials that may be considered are limited to (i) documents "integral to or explicitly relied upon" in the challenged pleading, (ii) "undisputedly authentic" documents that the challenged claims are "based on," (iii) items subject to judicial notice, and (iv) matters of public record. *Id.*; *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993); 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, (2004 & Supp. 2009); 5C Wright & Miller § 1366. Each of these categories is discussed in turn below.

### A.  Ricoh's Documents Were Not Integral To Or Relied Upon In Oki Data's Counterclaims.

None of the documents submitted by Ricoh in support of its motion to dismiss are "integral to or explicitly relied upon" in the Infringement Counterclaims. Rather, the documents submitted by Ricoh are relevant only to Ricoh's license defense. *See Thompson v. Wheeler*, 898

F.2d 406, 410 (3d Cir. 1990) (motion styled as a "motion to dismiss" was "no such thing for the [movant] was actually seeking summary judgment as it was raising a defense far different from suggesting that the pleadings failed to state a claim upon which relief could be granted . . ."). ███████████████████ are not "explicitly relied upon"; they are not even mentioned in the Infringement Counterclaims. Moreover, they are not integral to the Infringement Counterclaims because Oki Data did not rely on them in forming its Infringement Counterclaims, and the Infringement Counterclaims can be evaluated without reference to them, as explained in Section I above. *See Angstadt v. Midd-West Sch. Dist.*, 377 F.3d 338, 342 (3d Cir. 2004) (documents "integral to" complaint where claims "could not be evaluated without some reference to them"); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("integral to" exception justified where claimant "relied upon [documents introduced with 12(b)(6) motion] in framing the complaint."). ██████████████ ███████ are "related to" the Infringement Counterclaims. *See Adkins v. Rumsfeld*, 389 F. Supp. 2d 579, 586 n.3 (D. Del. 2005) ("[W]hile [documents introduced with defendant's 12(b)(6) motion] are undoubtedly related to Plaintiff's claims, the Court is not persuaded that they are integral to the claims such that they should be considered in the context of a motion to dismiss.").

### B. Oki Data's Counterclaims Are Not Based On Ricoh's Documents, Nor Are Ricoh's Documents Undisputedly Authentic.

It is improper to consider private contracts and affidavits submitted by the movant in deciding motions to dismiss under Rule 12(b)(6) where, as here, the challenged claims are not based upon those documents. *See Upchurch v. Hester*, No. 05-252-JJF, 2006 U.S. Dist. LEXIS 37472, at *4-5 (D. Del. June 8, 2006) (refusing to consider contract between the parties allegedly relevant to movant's lack-of-agency defense to civil rights claim); *Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 983-84 (N.D. Cal. 2005) (refusing

to consider contract relevant to movant's no-contractual-assumption defense to claim to enforce collective bargaining agreement, and noting that interpreting contract would involve "myriad factual aspects of the parties' bargaining relationship"). In these cases, the documents that the court refused to consider were not the basis of the claims the movant sought to dismiss, but were instead relevant primarily to the basis of the motion. Similarly, the documents submitted by Ricoh are the basis of a defense Ricoh will have to prove, not the basis for the Infringement Counterclaims themselves.

Moreover, ███████████████████ that Ricoh relies upon is not undisputedly or concededly authentic and free of dispute. ████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████

█████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████████████

███████████████████████████

**C.**   **Ricoh's Documents Are Not Subject To Judicial**
        **Notice And Are Not Matters Of Public Record.**

The documents Ricoh submitted with its motion are not subject to judicial notice because they are not public, and the issues surrounding their meaning cannot be resolved accurately and readily by the Court at this juncture. *See* Fed. R. Evid. 201(b). Courts presented with similar documents have declined to take judicial notice of their substance. *See, e.g., Selkridge v. United of Omaha Life Ins. Co.*, 360 F.3d 155, 164 n.15 (3d Cir. 2004) (judicial notice limited to existence of documents, not facts therein); *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1084 (7th Cir. 1997) (error to take judicial notice of agreement between the parties on motion to dismiss); *Promus Hotels, Inc. v. Hadnot Hotel Props., Inc.*, No. 04-2454-A, 2006 U.S. Dist. LEXIS 64215, *12-14 (W.D. La. Aug. 24, 2006) (declining to take judicial notice of contracts and correspondence between the parties). Judicial notice is therefore not applicable here.

Documents that are considered matters of public record include "criminal case dispositions such as convictions or mistrials," "letter decisions of government agencies," and "published reports of administrative bodies." *Pension Benefit Guar. Corp.*, 998 F.2d at 1197 (correspondence between private parties not matter of public record). None of the Ricoh documents fit within those categories. Since neither the public-record category nor any of the other categories of documents that may be considered on a motion to dismiss cover Ricoh's submissions, those submissions should be disregarded, and the motion to dismiss denied.[8]

---

[8]   When, as in this case, a Rule 12(b)(6) motion is based on documents outside the pleadings, the Court is free to disregard those documents and simply deny the motion. *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992) (consideration of materials outside the pleadings and conversion to summary judgment are matters of discretion); *Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir. 2008) (no abuse of discretion where district court chose to ignore supplementary materials submitted with motion and decided motion under Rule 12(b)(6)).

**III.   EVEN IF RICOH'S MOTION IS CONVERTED TO ONE FOR SUMMARY JUDGMENT, GENUINE ISSUES OF MATERIAL FACT PRECLUDE JUDGMENT IN RICOH'S FAVOR.**

If the Court decides to take into account materials outside the pleadings, such as those submitted by Ricoh, a motion to dismiss must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). Under Rule 56, however, summary judgment on the license issue is inappropriate for at least three reasons. First, there are genuine disputes of material fact on the submitted record. Second, the record is not sufficiently developed to resolve the ultimate issue of whether Ricoh has the asserted license to the Oki Data Patents. Third, ███████████ ████████████████████████████████████████████████████████████ as determined under Japanese law and taking into account the material facts (as far as are known), shows that Ricoh is not entitled to judgment as a matter of law.

**A.   There Are Genuine Disputes Of Material Fact In The Present Record.**

Even on the limited record submitted in connection with this motion, there are genuine disputes of material fact, and more such disputes are likely to arise as discovery progresses. Ricoh is thus not entitled to summary judgment. *See* Fed. R. Civ. P. 56(c)(2).

Because Ricoh bears the burden of proof on its license defense, it must (i) support its motion with "credible evidence" and (ii) establish that no reasonable jury could find in Oki Data's favor on this issue. *Intel Corp. v. ITC*, 946 F.2d 821, 828 (Fed. Cir. 1991) (noting that burden of proof to establish license rests on infringement defendant); *Wasserman v. Bressman (In re Bressman)*, 327 F.3d 229, 237-38 (3d Cir. 2003) (explaining that, on motion for summary judgment, movant bears the ultimate burden of proof on the moved-upon issue).

Ricoh's submissions do not come close to meeting that standard. ███████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

14





The foregoing are only those issues of fact that are apparent based on the parties' present submissions; more such issues will no doubt arise if discovery proceeds, as it should, on the Infringement Counterclaims and Ricoh's license defense.

**B.** **The Record Is Not Sufficiently Developed To Enter Judgment In Ricoh's Favor On Its License Defense.**

Under Japanese law, a thorough investigation of the factual background will be needed before the meaning and effect of the contract provisions at issue can be decided.

To develop the factual record, the parties will need to take discovery about



Because discovery has not begun in this case, Oki Data is unable to present all the relevant facts on which resolution of Ricoh's motion would need to be based, even if doing so were appropriate at this stage.  (May 24, 2010 Declaration of Jeffrey T. Castellano)  The Court should therefore deny Ricoh's motion as fatally premature at best.  Fed. R. Civ. P. 56(f).

C.      **Even If There Were No Material Fact Issues, Ricoh Would Not Be Entitled To Judgment As A Matter Of Law On Its License Defense.**

The facts set forth in the Nakajima and Masuda Declarations show that Ricoh is not entitled to judgment as a matter of law.





For these reasons, even if Ricoh's motion were to be converted into a motion for summary judgment, the motion should be denied because Ricoh is not entitled to judgment as a matter of law.

## IV.   DISCOVERY SHOULD PROCEED ON THE INFRINGEMENT COUNTERCLAIMS ALONG WITH DISCOVERY ON RICOH'S LICENSE DEFENSE.

Ricoh's brief seeks early consideration of its license defense. (OB at 1, 7-8) Yet Ricoh has not made any showing that warrants such a change to the Court's normal case-management procedures. Significant discovery, likely by both parties, will be required to adjudicate the license defense and the Infringement Counterclaims. Much (if not all) of this discovery is also relevant to Oki Data's affirmative defenses to Ricoh's infringement claims. Considerations of efficiency thus indicate that discovery on the Infringement Counterclaims should proceed together with discovery on Ricoh's license defense, which Ricoh can present to the Court when permitted by the Court's existing procedures and orders.

Courts have declined to separate out a license defense where there are factual issues overlapping with other issues in the same case. *U.S. Philips Corp. v. Synergy Dynamics Int'l, LLC*, No. 2:05-cv-00577-PMP-GWF, 2006 U.S. Dist. LEXIS 86198 (D. Nev. Nov. 22, 2006) (denying defendants' motion to stay discovery, or in the alternative to bifurcate discovery, on the issue of license where license defense would require exploration of factual issues relevant to other issues); *Hilgraeve Corp. v. Symantec Corp.*, No. 97-40370, 1998 U.S. Dist. LEXIS 23360, at *13 (E.D. Mich. June 17, 1998) (denying motion for separate trial on license defense where there were common factual issues between license defense and other issues to be presented at trial); *Kearney & Trecker Corp. v. Giddings & Lewis Machine Tool Co.*, 285 F. Supp. 483, 484 (E.D.

Wis. 1968) (denying motion for separate trial on license defense where there were common factual issues between license defense and infringement).

## CONCLUSION

For the reasons stated above, Oki Data respectfully requests that the Court deny Ricoh's motion to dismiss Oki Data's fourth, fifth and sixth counterclaims. In the alternative, if the Court is inclined to convert Ricoh's motion to one for early summary judgment, Oki Data respectfully requests that the Court deny the motion. Oki Data further respectfully requests that the Court permit discovery to proceed on the same track for all issues in this case.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6600
jshaw@ycst.com

*Of Counsel:*

Marc R. Labgold, Ph.D.
NAGASHIMA & HASHIMOTO
Hirakawa-cho KS Bldg., 2nd Floor
2-4-14 Hirakawa-cho, Chiyoda-ku
Tokyo 102-0093 Japan
mlabgold@labgoldlaw.com

*Attorneys for Oki Data Corporation
and Oki Data Americas, Inc.*

Dated: May 24, 2010

20

## <u>CERTIFICATE OF SERVICE</u>

I, Jeffrey T. Castellano, Esquire, hereby certify that on June 1, 2010, I caused to

be electronically filed a copy of the foregoing document with the Clerk of the Court using

CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Richard L. Horwitz, Esquire
> David E. Moore, Esquire
> Potter Anderson & Corroon, LLP
> 1313 N. Market St., Hercules Plaza, 6th Flr.
> P.O. Box 951
> Wilmington, DE 19899-0951
> (302) 984-6000
> *rhorwitz@potteranderson.com*
> *dmoore@potteranderson.com*

I further certify that on June 1, 2010, I caused a copy of the foregoing

document to be served by e-mail on the above-listed counsel  and on the following non-

registered participants:

> John Allcock, Esquire
> Sean C. Cunningham, Esquire
> Edward H. Sikorski, Esquire
> Stanley J. Panikowski, Esquire
> Brian M. Fogarty, Esquire
> DLA Piper LLP
> 401 B Street, Suite 1700
> San Diego, CA  92101-4297
> *john.allcock@dlapiper.com*
> *sean.cunningham@dlapiper.com*
> *ed.sikorski@dlapiper.com*
> *stanley.panikowski@dlapiper.com*
> *brian.fogarty@dlapiper.com*

YOUNG CONAWAY STARGATT
& TAYLOR, LLP


*/s/ Jeffrey T. Castellano*
John W. Shaw (No. 3362)
Jeffrey T. Castellano (No. 4837)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600
jcastellano@ycst.com

*Attorneys for Oki Data Corporation*
*and Oki Data Americas, Inc.*

2