IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY LTD. and RICOH AMERICAS CORPORATION, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. No. 09-694-SLR |
| | ) | |
| OKI DATA CORPORATION and OKI DATA AMERICAS, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 30th day of September, 2010, having reviewed plaintiffs'

motion to dismiss defendants' fourth, fifth, and sixth counterclaims, and the papers

submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 20) is denied, for the reasons that follow:

1. **Introduction.** On September 18, 2009, plaintiffs ("Ricoh") filed this action

claiming infringement of U.S. Patent Nos. 7,508,533 ("the '533 patent"), 5,764,864 ("the

'864 patent"), and 6,163,669 ("the '669 patent," collectively "the Ricoh patents"). (D.I.

1) Defendants ("Oki Data") filed an answer, on February 22, 2010, asserting various

defenses and counterclaims, including the fourth, fifth, and sixth counterclaims ("the

counterclaims"), claiming infringement of U.S. Patent Nos. 6,733,407 ("the '407

patent"), 7,133,633 ("the '633 patent"), and 7,437,105 ("the '105 patent," collectively

"the Oki Data patents"). (D.I. 14) Ricoh filed the present motion to dismiss the

counterclaims pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) on April 8, 2010. (D.I. 20; D.I. 21 at 7) On September 7, 2010, Oki Data filed its first amended answer, reiterating the counterclaims without modification. (D.I. 52) This court has jurisdiction under 28 U.S.C. § 1338(a) and 35 U.S.C. § 101 et seq.

2. **Background.** Ricoh seeks dismissal of the counterclaims, asserting that four documents are "[a]ll that is needed to decide [the present] motion:" (1) Oki Data's answer containing the counterclaims; (2) the Oki Data patents, attached as exhibits to the counterclaims; (3) a 2001 license agreement ("license") between Ricoh and Oki Data; and (4) a letter from Ricoh to Oki Data ("notice letter"), allegedly notifying Oki Data of the exercise of certain reciprocal "license-back" rights for the Oki Data patents pursuant to the license. (D.I. 21 at 1, ex. C) The notice letter is dated April 5, 2010 (three days before Ricoh filed the present motion). (Id., ex. C) Ricoh also submitted a fifth document ("confirmation"). (Id., ex. B)

3. The license, the notice letter, and the confirmation are all written in Japanese. (Id. at 2-4, ex. A, B, C) Attached to both the license and confirmation are English translations ("license translation" and "confirmation translation," respectively). Ricoh asserts, as to both translated documents, that "Oki Data prepared and served [the translations] on Ricoh in an **unrelated** International Trade Commission investigation," and that submission of these translations is only for the purposes of the present motion. (Id. at 3-5) (emphasis added) The confirmation translation is dated August 1, 2001 and entitled: "Letter of Confirmation Regarding the License Agreement Dated August 1, 2001." Each page of both the license and confirmation, and their respective

2

translations, is labeled "Confidential Business Information. Subject to the Protective
Order," and further contains a Bates number prefixed by "OKI." (*Id.*, ex. A, B)  Ricoh
further submitted an English translation of the notice letter ("notice letter translation"),
although the attached certification letter of the translator does not specify the
translator's relevant skills, knowledge or experience to perform such translation. (*Id.*,
ex. C)

    4. **Standard of Review.**  In reviewing a motion filed under Rule 12(b)(6), the
court must accept all factual allegations in a complaint as true and take them in the light
most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200
(2007); *Christopher v. Harbor*, 536 U.S. 403, 406 (2002).  A complaint must contain "a
short and plain statement of the claim showing that the pleader is entitled to relief, in
order to give the defendant fair notice of what the . . . claim is and the grounds upon
which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007)
(interpreting Fed. R. Civ. P. 8(a)) (internal quotations omitted).  A complaint does not
need detailed factual allegations; however, "a plaintiff's obligation to provide the
'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65
(alteration in original) (citation omitted).  The "[f]actual allegations must be enough to
raise a right to relief above the speculative level on the assumption that all of the
complaint's allegations are true." *Id.* at 1959.  "[D]etermining whether a complaint
states a plausible claim is context-specific, requiring the reviewing court to draw on its
experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950  (2009).

5. "In reviewing a motion to dismiss, '[c]ourts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.'" *Collins & Aikman Corp. v. Stockman*, Civ. No. 07-265-SLR-LPS, 2010 WL 184074 at *3 (D. Del. Jan. 19, 2010) (*quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993)). "Certain additional materials may also be considered without converting a motion to dismiss into a motion for summary judgment (which generally cannot be ruled upon without providing a plaintiff a reasonable opportunity for discovery)." *Id.* "For instance, 'a court may consider an **undisputedly authentic** document that a defendant attaches as an exhibit to a motion to dismiss **if the plaintiff's claims are based on the document**. . . .'" *Id.* (emphasis added) (citations omitted).  As the Third Circuit explained:

> The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the plaintiff an opportunity to respond. When a **complaint relies on a document**, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.

*Pension Benefit*, 998 F.2d at 1196-97 (emphasis added).  "The facts necessary to establish an affirmative defense must generally come from matters outside of the complaint.  Thus, with some exceptions, affirmative defenses should be raised in responsive pleadings, not in pre-answer motions brought under Rule 12(b)." *Worldcom, Inc. v. Graphnet, Inc.*, 343 F.3d 651, 657 (3d Cir. 2003) (citations omitted).

6. Federal Rule of Evidence ("F.R.E.") 201(b) states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready

4

determination by resort to sources whose accuracy cannot reasonably be questioned." Facts adjudicated in a prior case fall short of the standard for judicial notice imposed by F.R.E. 201(b), because they are not usually common knowledge, nor derived from an unimpeachable source; taking judicial notice of such facts has the effect of precluding the opposing party from introducing contrary evidence. *Morrissey v. Luzerne Cnty. Cmty. Coll.*, 117 Fed. Appx. 809 (3d Cir. 2004) (citations omited). "[T]aking judicial notice of the truth of the contents of a filing from a related action could reach, and perhaps breach, the boundaries of proper judicial notice." *Id.* at 815 (*citing Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001); *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384 (2d Cir. 1992)). "For all practical purposes, judicially noticing a fact is tantamount to directing a verdict against a party as to the noticed fact." *LaSalle Nat. Bank v. First Conn. Holding Grp., LLC.*, 287 F.3d 279, 290 (3d Cir. 2002) (*citing Werner*, 267 F.3d at 295).

7. **Discussion.** Ricoh urges the court to take judicial notice of the contents of the license translation and notice letter translation, interpret their contents as giving Ricoh a license to the Oki Data patents, disregard the confirmation translation as being parol evidence, and dismiss the counterclaims pursuant to Rule 12(b)(6) based on Ricoh's affirmative license defense. (D.I. 21 at 5-7)

8. In support of its request for judicial notice, Ricoh relies on two cases which are easily distinguished from the case at bar in that the documents involved were either: (1) public records recorded in a county office; (2) published on a website of a federal agency without dispute as to authenticity; or (3) referenced in the complaint. (D.I. 21 at

5

7 (*citing Biggins v. Wells Fargo & Co.*, No. 09-01272-JSW, 2009 WL 2246199, at *5

(N.D. Cal. Jul. 27, 2009); *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1093-

94 (N.D. Cal. 2009))

> As to the confirmation, Ricoh asserts that
>
> [the license translation] does not have a choice-of-law provision.  But the result is the same whether Japanese law or the law of a U.S. state is applied.  While Japanese law does not have the equivalent of the American parol evidence rule, interpreting a contract based on its plain language is the basic principle of contract interpretation under Japanese law.

(Id. at 1, 6-7) (*citing* D.I. 22, declaration of Ricoh's expert on Japanese law)  In the

alternative, Ricoh urges the court to "establish a schedule to address Ricoh's license

defense early in the case, before discovery and other proceedings on Oki Data's Fourth,

Fifth, and Sixth Counterclaims." (*Id.* at 7)

9.  Oki Data responds that Ricoh "asks the court to consider materials that do not

fall within the narrow category of documents considered on a motion to dismiss under

Rule 12(b)(6)." (D.I. 34 at 2)  In the alternative, Oki Data argues that, if the court

considers these documents, the motion should be considered under the standards for

Rule 56 and denied because genuine issues of material fact exist. (D.I. 34 at 2)  Oki

Data's response includes several declarations, including that of its Japanese law expert.

10.  Ricoh's arguments to dismiss the counterclaims fail on numerous counts.

First, the license and notice letter do not come close to meeting the standard of F.R.E.

201(b) as they are neither generally known within the territorial jurisdiction of the trial

court or capable of accurate and ready determination by resort to sources whose

accuracy cannot reasonably be questioned.  Second, it is self-evident that the license,

the confirmation, and the notice letter (and their respective translations) are not publicly available.  Third, even if the court were to take judicial notice of the license translation and confirmation translation from an unrelated case, it would be improper to take notice of the truth of the contents of these documents.  Fourth, under the facts of the present motion, it is not the (counter) plaintiffs' claims that are based on the license and notice letter, but the (counter) defendant's affirmative license defense.  *See Eon-Net LP v. Flagstar Bancorp*, 249 Fed. Appx. 189, 192 (Fed. Cir. 2007) (describing a license as an affirmative defense to patent infringement).  Fifth, it is not at all clear that the confirmation translation would be considered parol evidence, or inadmissible even under American law, given that both (translated) documents have the same date, and the confirmation translation refers to the license in its title.  Sixth, the authenticity of the license and license translation is disputed by Oki Data, noting that Ricoh refused to acknowledge the accuracy of the license translation, instead accepting it for purposes of the present motion only.  (D.I. 34 at 12)  Finally, the court would need to consider at least a fifth document, the declaration of Ricoh's Japanese law expert, to reach Ricoh's conclusions.  For these reasons, the court declines to consider the additional documents submitted with the parties' briefs, and relies only on the counterclaims and the Oki Data patents attached thereto.

        11.  Oki Data has identified the patents being asserted, its ownership of said patents, and described with specificity the nature of the infringement, the particular Ricoh products accused, and the laws that give rise to Oki Data's claims to relief.  The court finds that Oki Data has sufficiently stated a claim upon which relief can be granted.

12.  With regard to Ricoh's alternate request to "establish a schedule to address Ricoh's license defense early in the case, before discovery and other proceedings on Oki Data's Fourth, Fifth, and Sixth Counterclaims," the court concludes that it would be improper to do so, as it is beyond consideration of the present motion.

13.  **Conclusion.**  For all the above reasons, the court denies Ricoh's motion to dismiss Oki Data's fourth, fifth, and sixth counterclaims pursuant to Rule 12(b)(6).


United States District Judge