**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| RICOH COMPANY, LTD. and RICOH AMERICAS CORPORATION, | ) | |
| Plaintiffs, | ) | C.A. No. 09-694-SLR-MPT |
| v. | ) | |
| OKI DATA CORPORATION and OKI DATA AMERICAS, INC., | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

# PLAINTIFFS AND COUNTER-DEFENDANTS RICOH COMPANY, LTD. AND RICOH AMERICAS CORPORATION'S ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COUNTERCLAIMS

Plaintiffs and Counter-defendants Ricoh Company, Ltd. and Ricoh Americas Corporation (collectively "Ricoh") file this answer and counterclaims to the First Amended Counterclaims by Defendants and Counter-plaintiffs Oki Data Corporation and Oki Data Americas, Inc. (collectively "Oki Data") filed on September 7, 2010. Ricoh answers each numbered paragraph in the First Amended Counterclaims as follows:

## ANSWER TO FIRST AMENDED COUNTERCLAIMS

1. On information and belief, Ricoh admits that Oki Data Corporation is a corporation organized and existing under the laws of Japan with its headquarters at 4-11-22, Shibaura, Minato-ku, Tokyo 108-8551, Japan.

2. On information and belief, Ricoh admits that Oki Data Americas, Inc. is a corporation organized and existing under the laws of the state of Delaware with its headquarters at 2000 Bishops Gate Boulevard, Mount Laurel, NJ 08054.

3. Ricoh admits that Ricoh Company, Ltd. is organized and existing under the laws of Japan, having a principal place of business at 8-13-1 Ginza, Chuo-ku, Tokyo, 104-8222, Japan.

4. Ricoh admits that Ricoh Americas Corporation is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 5 Dedrick Place, West Caldwell, NJ 07006.

5. Ricoh admits that jurisdiction is proper in this Court.

6. Ricoh admits that there is a substantial controversy regarding Oki Data's counterclaims.

7. Ricoh admits that jurisdiction is proper in this Court.

8. Ricoh admits that venue is proper in this District.

**ANSWER TO FIRST COUNTERCLAIM**
**DECLARATION OF INVALIDITY**
**AND NON-INFRINGEMENT OF U.S. PATENT NO. 7,508,533**

9. Ricoh incorporates its responses to all of the paragraphs above, as if set forth fully herein.

10. Ricoh admits that on March 24, 2009, United States Patent No. 7,508,533 ("the '533 Patent") duly and legally issued to Ricoh Company, Ltd. The '533 Patent is entitled "Method and Computer Program Product for Controlling a Configuration of a Printer."

11. Ricoh admits that, among other things, it has accused Oki Data of infringing the '533 patent.

12. Ricoh denies the allegations of paragraph 12.

13. Ricoh denies the allegations of paragraph 13.

**ANSWER TO SECOND COUNTERCLAIM
DECLARATION OF INVALIDITY
AND NON-INFRINGEMENT OF U.S. PATENT NO. 5,764,864**

14. Ricoh incorporates its responses to all of the paragraphs above, as if set forth fully herein.

15. Ricoh admits that on June 9, 1998, United States Patent No. 5,764,864 ("the '864 Patent") duly and legally issued to Ricoh Company, Ltd. The '864 Patent is entitled "Facsimile Machine Having a Power Saving Function."

16. Ricoh admits that, among other things, it has accused Oki Data of infringing the '864 patent.

17. Ricoh denies the allegations of paragraph 17.

18. Ricoh denies the allegations of paragraph 18.

**ANSWER TO THIRD COUNTERCLAIM
DECLARATION OF INVALIDITY
AND NON-INFRINGEMENT OF U.S. PATENT NO. 6,163,669**

19. Ricoh incorporates its responses to all of the paragraphs above, as if set forth fully herein.

20. Ricoh admits that on December 19, 2000, United States Patent No. 6,163,669 ("the '669 Patent") duly and legally issued to Ricoh Company, Ltd. The '669 Patent is entitled "Image Forming Apparatus."

21. Ricoh admits that, among other things, it has accused Oki Data of infringing the '669 patent.

22. Ricoh denies the allegations of paragraph 22.

23. Ricoh denies the allegations of paragraph 23.

24. Ricoh denies that the claims of '669 Patent are unenforceable for inequitable conduct during the prosecution of the '669 Patent. Ricoh admits the remaining allegations in paragraph 24.

25. Ricoh admits that the '669 Patent claims priority to multiple Japanese patent applications, which are listed on the face of the '669 Patent. Ricoh denies the remaining allegations of paragraph 25.

26. Ricoh admits that the file history for the '669 Patent contains a Declaration and Power of Attorney, the contents of which speak for themselves. Ricoh denies the remaining allegations of paragraph 26.

27. Ricoh admits the allegations of paragraph 27.

28. Ricoh denies the allegations of paragraph 28.

29. Ricoh admits that the application for the '669 Patent contained 42 claims, each of which speak for themselves. Ricoh denies the remaining allegations of paragraph 29.

30. Ricoh admits that it filed an Information Disclosure Statement during the prosecution of the '669 Patent application, the contents of which speak for themselves. Ricoh denies the remaining allegations of paragraph 30.

31. Ricoh admits that the Patent Examiner issued an Office Action, the contents of which speaks for itself. Ricoh denies the remaining allegations of paragraph 31.

32. Ricoh denies the allegations of paragraph 32.

33. Ricoh denies the allegations of paragraph 33.

34. Ricoh denies the allegations of paragraph 34.

35. Ricoh denies the allegations of paragraph 35.

36. Ricoh denies the allegations of paragraph 36.

37. Ricoh denies the allegations of paragraph 37.

38. Ricoh denies the allegations of paragraph 38.

39. Ricoh denies the allegations of paragraph 39.

40. Ricoh denies the allegations of paragraph 40.

41. Ricoh denies the allegations of paragraph 41.

42. Ricoh denies the allegations of paragraph 42.

43. Ricoh denies the allegations of paragraph 43.

44. Ricoh denies the allegations of paragraph 44.

45. Ricoh denies the allegations of paragraph 45.

46. Ricoh denies the allegations of paragraph 46.

47. Ricoh denies the allegations of paragraph 47.

48. Ricoh denies the allegations of paragraph 48.

49. Ricoh denies the allegations of paragraph 49.

50. Ricoh denies the allegations of paragraph 50.

51. Ricoh denies the allegations of paragraph 51.

52. Ricoh denies the allegations of paragraph 52.

53. Ricoh denies the allegations of paragraph 53.

54. Ricoh denies the allegations of paragraph 54.

55. Ricoh denies the allegations of paragraph 55.

56. Ricoh denies the allegations of paragraph 56.

**ANSWER TO FOURTH COUNTERCLAIM**
**INFRINGEMENT OF U.S. PATENT NO. 6,733,407**

57. Ricoh incorporates its responses to all of the paragraphs above, as if set forth fully herein.

58. Ricoh admits that Exhibit A to Oki Data's First Amended Counterclaims purports to be a copy of the '407 Patent. Ricoh is without sufficient information or belief to admit or deny the remaining allegations of paragraph 58 and, on that basis, denies them.

59. Ricoh is without sufficient information or belief to admit or deny the allegations of paragraph 59 and, on that basis, denies them.

60. Ricoh denies the allegations of paragraph 60.

61. Ricoh denies the allegations of paragraph 61.

62. Ricoh denies the allegations of paragraph 62.

63. Ricoh denies the allegations of paragraph 63.

64. Ricoh denies the allegations of paragraph 64.

65. Ricoh denies the allegations of paragraph 65.

**ANSWER TO FIFTH COUNTERCLAIM**
**INFRINGEMENT OF U.S. PATENT NO. 7,133,633**

66. Ricoh incorporates its responses to all of the paragraphs above, as if set forth fully herein.

67. Ricoh admits that Exhibit B to Oki Data's First Amended Counterclaims purports to be a copy of the '633 Patent. Ricoh is without sufficient information or belief to admit or deny the remaining allegations of paragraph 67 and, on that basis, denies them.

68. Ricoh is without sufficient information or belief to admit or deny the allegations of paragraph 68 and, on that basis, denies them.

69. Ricoh denies the allegations of paragraph 69.

70. Ricoh denies the allegations of paragraph 70.

71. Ricoh denies the allegations of paragraph 71.

72. Ricoh denies the allegations of paragraph 72.

73. Ricoh denies the allegations of paragraph 73.

74. Ricoh denies the allegations of paragraph 74.

## ANSWER TO SIXTH COUNTERCLAIM
## INFRINGEMENT OF U.S. PATENT NO. 7,437,105

75. Ricoh incorporates its responses to all of the paragraphs above, as if set forth fully herein.

76. Ricoh admits the allegations of paragraph 76.

77. Ricoh admits that Exhibit C to Oki Data's First Amended Counterclaims purports to be a copy of the '105 Patent. Ricoh is without sufficient information or belief to admit or deny the remaining allegations of paragraph 77 and, on that basis, denies them.

78. Ricoh denies the allegations of paragraph 78.

79. Ricoh denies the allegations of paragraph 79.

80. Ricoh denies the allegations of paragraph 80.

81. Ricoh denies the allegations of paragraph 81.

82. Ricoh denies the allegations of paragraph 82.

83. Ricoh denies the allegations of paragraph 83.

## PRAYER FOR RELIEF

Ricoh denies that Oki Data is entitled to any relief whatsoever against Ricoh in this action, either as prayed for in its First Amended Counterclaims or otherwise..

* * *

## DEFENSES

Ricoh's Defenses to Oki Data's First Amended Counterclaims are listed below. Ricoh reserves the right to amend its Answer to add Defenses, including inequitable conduct, consistent with facts discovered in the case.

**First Defense: Failure to State a Claim**

1. Oki Data's First Amended Counterclaims fails to state any claim against Ricoh upon which relief may be granted.

**Second Defense: Noninfringement**

2. Ricoh has not infringed and currently is not infringing any claim of Oki Data's asserted '407, '633 or '105 patents (collectively the "Oki Data Asserted Patents"), either literally or under the doctrine of equivalents, nor is Ricoh actively inducing or contributing to the infringement of any claim of the patents-in-suit.

**Third Defense: Invalidity**

3. Each claim of the patents-in-suit is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, because one or more of the claims lack definiteness, because the alleged inventions thereof lack utility and one or more of the claims are not enabled, and because one or more of the claims are invalid inasmuch as they are taught by, suggested by, anticipated by, and/or obvious in view of the prior art, and/or are unsupported by the written description of the invention.

**Fourth Defense: License, Implied License and/or Patent Exhaustion**

4. Oki Data's claims for relief are barred in whole or in part pursuant to the doctrines of express license, patent exhaustion and/or implied license, based on at least Ricoh's election of Oki Data's '407, '105 and '633 patents under the 2001 License Agreement between Ricoh and Oki Data.

**Fifth Defense: Prosecution History Estoppel and Waiver**

5. As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the applications for the patents-in-suit, specifically the admissions, representations, and amendments made on behalf of the applicants for the

patents-in-suit, Oki Data is estopped from asserting any construction of the claims of the patents-in-suit to cover any activity engaged in or product sold by Ricoh, and/or has waived any right to do so.

**Sixth Defense: Costs Barred**

6. Oki Data is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

**Seventh Defense: Laches and Waiver**

7. Oki Data's claims under the patents-in-suit are barred by the doctrines of laches and waiver due to Oki Data's knowledge of Ricoh's allegedly infringing actions, and its unjustified and/or unreasonable failure to pursue their infringement claims diligently and timely from the time they became aware they had claims against Ricoh. Ricoh has been economically and materially prejudiced and injured from Oki Data's inexcusable lack of diligence, including without limitation the loss of third-party records pertaining to the prior art, and the unreliability of the memories of witnesses who otherwise would have possessed knowledge of the technology and claims at issue.

**Eighth Defense: Equitable Estoppel**

8. Oki Data's claims under the patents-in-suit are barred by the doctrine of equitable estoppel due to Oki Data's knowledge of Ricoh's allegedly infringing actions and Oki Data's misleading conduct with respect to Ricoh. Ricoh has been both economically and materially prejudiced and injured by its reliance on that misleading conduct.

**Ninth Defense: Limitation on Damages**

9. Oki Data's claims for damages are barred and/or limited by 35 U.S.C. §§ 286 and 287.

**Tenth Defense: Reservation of Additional Defenses**

10. Ricoh reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

* * *

## RICOH'S COUNTERCLAIMS

Ricoh, for its counterclaims against Oki Data, alleges as follows:

### GENERAL ALLEGATIONS

1. Paragraphs 1 through 83 of this answer, Ricoh's response to prayer for relief, and the defenses raised by Ricoh are incorporated by reference as though fully pleaded herein.

### JURISDICTION

2. This is, in part, a declaratory relief action pursuant to 28 U.S.C. §§ 2201 and 2202 to resolve an actual controversy between Ricoh and Oki Data.

3. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338, and pursuant to the patent laws of the United States of America, 35 U.S.C. § 100, *et seq.*

### VENUE

4. Venue in this district is permissible under 28 U.S.C. §§ 1391 (b), (c) and 1400(b).

### THE PARTIES

5. Ricoh Company, Ltd. is a Japanese corporation organized and existing under the laws of Japan with its headquarters at 8-13-1 Ginza, Chuo-ku, Tokyo 104-8222, Japan.

6. Ricoh Americas Corporation is a corporation incorporated and existing under the laws of the State of Delaware with its headquarters at 5 Dedrick Place, West Caldwell, New Jersey 07006.

7. Oki Data Corporation alleges in its First Amended Counterclaims that it is a corporation organized and existing under the laws of Japan with its headquarters at 4-11-22, Shibaura, Minato-ku, Tokyo 108-8551, Japan.

8. Oki Data Americas, Inc. alleges in its First Amended Counterclaims that it is a corporation organized and existing under the laws of the State of Delaware with its headquarters at 2000 Bishops Gate Boulevard, Mount Laurel, NJ 08054.

9. Oki Data Corporation alleges in its First Amended Counterclaims that it is the sole owner of U.S. Patent Nos. 6,733,407 ("the '407 patent"), 7,133,633 ("the '633 patent"), and 7,437,105 ("the '105 patent) (collectively, the "Oki Data Asserted Patents")

10. This Court has personal jurisdiction over Oki Data Corporation and Oki Data Americas, Inc. at least because they have submitted to the jurisdiction of this Court be the filing of their First Amended Counterclaims.

**FACTUAL ALLEGATIONS**

11. On or about September 7, 2010, Oki Data filed its First Amended Counterclaims against Ricoh alleging, among other things, infringement of the Oki Data Asserted Patents. Ricoh denies infringement and asserts that the Oki Data Asserted Patents are invalid.

12. With respect to the declaratory relief sought by these counterclaims, there is a substantial controversy between Ricoh and Oki Data of sufficient immediacy and reality to warrant the issuance of a judgment declaration the rights and other legal relations of the parties and awarding other relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## FIRST COUNTERCLAIM

**(Declaration of Invalidity – '407 patent)**

13. HP incorporates by reference paragraphs 1-12 as though fully pleaded herein.

14. The claims of the '407 patent are invalid under the laws of the United States, including but not limited to, the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SECOND COUNTERCLAIM

**(Declaration of Invalidity – '633 patent)**

15. HP incorporates by reference paragraphs 1-14 as though fully pleaded herein.

16. The claims of the '633 patent are invalid under the laws of the United States, including but not limited to, the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD COUNTERCLAIM

**(Declaration of Invalidity – '105 patent)**

17. Ricoh incorporates by reference paragraphs 1-16 as though fully pleaded herein.

18. The claims of the '105 patent are invalid under the laws of the United States, including but not limited to, the provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112.

* * *

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Ricoh requests that:

A. Oki Data takes nothing by its First Amended Counterclaims;

B. The Court enter judgment in favor of Ricoh in this action, and against Oki Data, thereby dismissing Oki Data's First Amended Counterclaims in its entirety, with prejudice, and deny Oki Data all requested relief;

C. The Court enter judgment in favor of Ricoh, and against Oki Data, on Ricoh's counterclaims;

D. The Court find that the Oki Data Asserted Patents are not infringed by Ricoh;

E. The Court find that the Oki Data Asserted Patents are invalid;

F. The Court find that Oki Data cannot recover any damages from Ricoh for any infringement of the Oki Data Asserted Patents;

G. The Court find that Oki Data is equitably estopped from recovering any damages from Ricoh for any infringement of the Oki Data Asserted Patents;

H. The Court declare that Ricoh's defenses present an exceptional case entitling it to its reasonable attorneys' fees under 35 U.S.C. § 285;

I. The Court award Ricoh its costs and reasonable attorneys' fees; and

J. The Court grant Ricoh all other and further relief that the Court deems appropriate.

**JURY TRIAL DEMANDED**

Ricoh demands a trial by jury in this action on all issues and causes of action so triable, pursuant to Federal Rule of Civil Procedure 38.

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiffs Ricoh Company, Ltd., and Ricoh Americas Corporation*

OF COUNSEL:

John Allcock
Sean C. Cunningham
Edward H. Sikorski
Stanley J. Panikowski
Brian M. Fogarty
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: (619) 699-2900

Saori Kaji
DLA Piper LLP (US)
555 Mission Street
Suite 2400
San Francisco, CA 94105
Tel: (415) 836-2545

Dated: October 1, 2010
984521 / 34802

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 1, 2010, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on October 1, 2010, the attached document was electronically mailed to the following person(s)

John W. Shaw
Jeffrey Thomas Castellano
YOUNG, CONAWAY, STARGATT & TAYLOR LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
jshaw@ycst.com
jcastellano@ycst.com

Marc R. Labgold, Ph.D.
mlabgold@labgoldlaw.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com