IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICOH COMPANY, LTD. and<br>RICOH AMERICAS CORPORATION,<br><br>      Plaintiffs and<br>      Counter-defendants,<br><br>      v.<br><br>OKI DATA CORPORATION and<br>OKI DATA AMERICAS, INC.,<br><br>      Defendants and<br>      Counter-plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 09-694-SLR |

**MEMORANDUM ORDER**

**I.    INTRODUCTION**

Presently before the court is a discovery dispute between plaintiffs Ricoh Company, Ltd. and Ricoh Americas Corporation (collectively "Ricoh"), and defendants Oki Data Corporation and Oki Data Americas, Inc. (collectively "Oki"). At issue is whether the District of Delaware has jurisdiction over Mr. Takaaki Nagashima ("Nagashima"), whether a compelling purpose for his deposition has been shown, and if so, whether service of the subpoena on his firm Nagashima & Hashimoto is sufficient. For the reasons discussed, this court finds that it has jurisdiction over Nagashima and a compelling reason has been demonstrated, but because the service of the subpoena was improper, it is unenforceable.

## II.  BACKGROUND

Nagashima is a resident of Tokyo, Japan and is admitted to practice in several jurisdictions in the United States. Oki moved for *pro hac vice* admission of Nagashima in this court on January 26, 2011.[1] The following day, Ricoh subpoenaed Nagashima for deposition.[2] Oki's motion was granted by this court on February, 4, 2011. In response to the subpoena, on February 10, 2011, Oki served objections, refusing to produce Nagashima or any related documents.[3] Additionally, Oki refused to produce a privilege log for Nagashima or any emails pertaining to Nagashima.

Ricoh alleges that Oki has not substantively responded to the subpoena, instead relying on blanket objections. Ricoh claims these objections are inappropriate because Nagashima is a key witness for many of Oki's patent and license defenses. Ricoh alleges Nagashima functioned as a business advisor and lead license negotiator for both parties.

Oki alleges that any non-privileged factual information from Nagashima can be produced or has already been produced by individuals previously deposed or scheduled for deposition. It also claims that *pro hac vice* admission does not subject an attorney to this court's jurisdiction. Regardless of whether jurisdiction is established, Oki alleges Ricoh improperly served the subpoena.

---

[1] D.I. 91.
[2] D.I. 92.
[3] D.I. 97.

### III. STANDARD OF REVIEW

**Personal Jurisdiction**

To establish personal jurisdiction, sufficient facts must be presented to establish that jurisdiction is proper.[4] Personal jurisdiction may be exercised under two distinct theories. General jurisdiction is shown by "continuous and systematic" contacts with the forum and exists even if a plaintiff's cause of action arises from a defendant's non-forum related activities.[5] Specific jurisdiction arises out of a defendant's forum-related activities, such that a defendant "should reasonably anticipate being haled into court" in that forum.[6] Regardless, "it is essential . . . that there be some act by which the [party] purposefully avails itself of the privilege of conducting activities in the forum state, thus invoking the benefits and protections of its laws."[7] Once there has been a prima facie showing of minimum contacts, the "contacts may then be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'"[8]

Under FED. R. CIV. P. 4(e), a district court may assert personal jurisdiction "over non-resident defendants to the extent permissible under the law of the state where the district court sits."[9] Delaware's long-arm statue states that "a court may exercise personal jurisdiction over any nonresident . . . who in person or through an agent: (1)

---

[4] *Mellon Bank (East) P.S.F.S. v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).
[5] *See Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 151 n.3 (3d Cir. 1996) (citations omitted).
[6] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).
[7] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).
[8] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (*quoting International Shoe Co. v. Washington,* 326 U.S. 310, 320 (1945)).
[9] *Pennzoil Prod. Co. v. Colelli & Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir.1998).

[t]ransacts any business or performs any character of work or service in the State . . . .[10]

**Proper Service of a Subpoena**

The Federal Rules of Civil Procedure note that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."[11] Delaware's long arm statue, while not giving a clear definition of proper process, states "[n]othing herein contained limits or effects the rights to serve process in any other manner now or hereafter provided by law. This section is an extension of and not a limitation upon the rights otherwise existing of service of legal process upon nonresidents."[12]

## IV. DISCUSSION

**The Shelton Rule**

The first issue at dispute is whether there is a compelling reason to allow Ricoh to depose Nagashima. Although the Federal Rules of Civil Procedure authorize a party to take the deposition of "any person,"[13] this court recognizes that deposing opposing counsel is not an absolute right, but instead an exception for which a basis must be established.[14] Depositions of trial counsel are limited to when "the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and

---

[10] DEL. CODE. ANN. TIT. 3, § 3104(c).
[11] FED. R. CIV. P. 45(b)(1).
[12] DEL. CODE. ANN. TIT. 3, § 3104(i).
[13] FED. R. CIV. P. 30 (a).
[14] *Allergan Inc. v. Pharmacia Corp.*, No. C.A. 01-141-SLR, 2002 WL 1268047 at *1 (D. Del. May 17, 2002).

4

(3) the information is crucial to the preparation of the case."[15]

Here, Ricoh claims several unique statements by Nagashima make him a key witness that should be deposed. The comments attributed to Nagashima are as follows. While acting as a business advisor, he expressed his opinion on the fairness of the 2001 license during a meeting between Ricoh and Oki. Nagashima also opined that Ricoh was infringing at least nine of Oki's patents. He acknowledged that Ricoh had license-back rights to Oki's patents and should abandon them, which contrasts with Oki's current position that Ricoh does not have a valid license to its asserted patents. Oki responds that any relevant information on such matters can be obtained from individuals associated with both parties who have already been deposed. It further notes that because of privilege, Nagashima's testimony would be limited. Oki also contends there is no evidence that Nagashima was a business advisor.

Regardless of Nagashima's status as a business advisor or a lead mediator during negotiations relevant to issues of this case, if he voiced the opinions and statements as alleged, Ricoh has demonstrated a compelling reason to depose him. While other witnesses could testify regarding his actual comments, and their impression of them, only Nagashima could explain what he meant and provide the basis for his conclusions. No other adequate means exists, other than through Nagashima himself, to understand his thought process. Any inquiries during a deposition infringing upon the attorney-client privilege may be subject to a proper objection and not answered. Since the information on which Nagashima relied, relates directly to the present underlying

---

[15] *Id.* (citing *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987).

dispute, such as the license-back rights and the patents-at-issue, it is relevant to the issues involved and preparation of the case. Therefore, Ricoh has demonstrated a compelling reason for Nagashima's deposition.

**Nagashima's *Pro Hac Vice* Admission**

For the next issue, whether personal jurisdiction over Nagashima exists, Ricoh relies on two Third Circuit decisions addressing personal jurisdiction over attorneys. That court found "[b]ecause the District Court had personal jurisdiction over members of the . . . class, it also had jurisdiction over attorneys purporting to represent, and act on behalf of" members of that class.[16] In another case also decided in 2002, the Third Circuit noted that "no 'traditional notions of fair play and substantial justice' are offended by the District Court asserting jurisdiction over either these plaintiffs or their attorneys."[17] In that case, the court was determining the rights of subclasses in a class action suit, but it reinforced the District Court's jurisdiction over attorneys representing the subclasses.[18]

No other controlling authority was cited by the parties. Ricoh relies on a New Jersey district case, *Wartsila NSD N. Am., Inc. v. Hill Int'l, Inc.*,[19] interpreting the Third Circuit's previous decision.[20] That court noted that many jurisdictions have observed "an attorney-client relationship, unaccompanied by other sufficient contacts with the

---

[16] *In Re: Prudential Insurance Company of America Sales Practices Litigation*, 314 F.3d 99, 103, n.7 (3d Cir. 2002).
[17] *In re Diet Drugs*, 282 F.3d 220, 231 (3d Cir. 2002).
[18] *Id.*
[19] 269 F. Supp. 2d 547 (D.N.J. 2003)
[20] *Id.* at 556.

forum, does not confer personal jurisdiction over" a non-resident attorney.[21]  The New Jersey court, however, emphasized that the Third Circuit differs from this approach, citing *In Re: Prudential*, where significance was placed on the grant of *pro hac vice* admission on counsel to represent the plaintiffs'.[22]  By moving for and obtaining *pro hac vice* status, the New Jersey court commented that the attorney "has clearly availed himself of the privileges and benefits of practicing law before the federal courts of this state."[23]  It also found that by participating in litigation, although limited to exchanging letters and phone calls with local counsel and traveling to the forum to take and defend depositions, could subject an attorney to general personal jurisdiction.[24]

Oki, conversely, relies on other case law for support.  The Eastern District of Pennsylvania found that "an attorney's entry of a court appearance *pro hac vice* in the forum state, without more, is not a substantial enough contact to permit that court to exercise jurisdiction over his person."[25]  Despite being in the same circuit as this court, the Eastern District of Pennsylvania did not address *In Re: Prudential* or *In re Diet Drugs*.  The Northern District of California found *pro hac vice* admission "does not purport to confer general or specific personal jurisdiction on *pro hac vice* attorneys for *all* purposes.  The rule specifically limits its scope to attorney conduct in the matter for

---

[21] *Id.*
[22] *Id.* at 557.
[23] *Id.*
[24] *Id.* at 558.
[25] *Di Loreto v. Costigan,* 600 F. Supp. 2d 671, 692 (E.D. Pa. 2009); *see also Irwin v. Mahnke*, No. 3:05CV976, 2006 WL 691993, at *3, n.3 (D. Conn. Mar. 16, 2006) ("*pro hac vice* admission alone is not sufficient to confer personal jurisdiction over non-resident attorneys[.]").

which counsel has been admitted to practice[.]"[26]

Based on the limited controlling authority and Delaware's long arm statue, this court finds that it may exercise personal jurisdiction over Nagashima. As indicated by the long-arm statute, "any nonresident" that "performs any character of work or service in the State" is subject to personal jurisdiction.[27] Nagashima's conduct clearly fits that description. Even if the contact is as minimal as *pro hac vice* admission, the long arm statute dispels the notion that Nagashima should be treated different from a resident or United States citizen. His legal representation in this case easily satisfies the broad requirement of "any character of work," which is consistent with the Third Circuit decisions finding personal jurisdiction. Therefore, jurisdiction exists over Nagashima for proper service of a deposition subpoena.

**Proper Service**

The final issue is whether there was proper service of the subpoena on Nagashima. Throughout this case, service for all witnesses being deposed has been done via email. This subpoena for Nagashima was sent by email to his firm, Nagashima & Hishimoto. Ricoh argues that the parties have conducted themselves in a way that email service has been sufficient for all other discovery. It claims there were multiple opportunities where Nagashima could have been personally served, but because of past practice, Ricoh argues service through email was proper, relying on FED. R. CIV. P. 45 which only requires "delivery" of the subpoena to its recipient, not

---

[26] *Kronzer v. Burnick*, No. C 04-02125 RS, 2004 WL 1753409, at *3 (N.D. Cal. Aug. 5, 2004) (emphasis in original).
[27] DEL. CODE. ANN. TIT. 3, § 3104(c).

8

personal service.[28] Ricoh cites *New Jersey Laborers Statewide Ben. Funds and Trustees Thereof v. Torchio Brothers, Inc.,* a District of New Jersey case, where delivery of a subpoena through certified mail was found effective because the recipient had knowledge of the subpoena.[29] "Certified mail serves the same purpose as Rule 45(b) which is to 'mandate effective notice to the subpoenaed party, rather than slavishly adhere to one particular type of service.'"[30]

Oki relies on two cases from this district indicating that personal service is required. In 1973, this court found that "personal service of a subpoena is required when an individual is subpoenaed."[31] While advances in communication have changed the scope of delivering documents, recently this court again noted in a footnote that "Rule 45 requires personal service."[32]

Thus, the District of Delaware leans towards the majority rule of personal service as the required mode of proper service. While the long arm statute does not address appropriate service, and although the parties employed email for service of the other subpoenas, past case law in this jurisdiction suggests the proper method of service is personal service. Here, Ricoh did not meet this standard of service, and therefore the attempted service of the subpoena to Nagashima was improper.

---

[28] No. C.A. 08-552, 2009 WL 368364, at *2-3 (D.N.J. Feb. 11, 2009)
[29] *Id.*
[30] *Id.* (*quoting Hill v. Sullivan*, 229 F.R.D. 501, 504 (D. Md. 2005)).
[31] *In re Johnson & Johnson*, 59 F.R.D. 174, 177 (D. Del. 1973).
[32] *Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, No. 09-109-SLR, 2009 WL 3242561, at *1, n.3 (D. Del. Oct. 8, 2009).

THEREFORE, IT IS ORDERED that for the reasons contained herein, Ricoh's request for seeking enforcement of a deposition subpoena over Takaaki Nagashima (DI 110, 113, 130 and 136) is DENIED.

Date: August 15, 2011                                    /s/ Mary Pat Thynge
                                                    UNITED STATES MAGISTRATE JUDGE